| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Christian U. Anyiam, Esq. 217326**<br>**ANYIAM LAW FIRM**<br>**357 W. 2nd Street, Ste 16**<br>**San Bernardino, CA 92401**<br>**909-383-9500 Fax: 909-383-9533**<br>**anyiamlawfirm@gmail.com**<br><br>☐ *Individual appearing without attorney*<br>☑ Attorney for: Defendant, ALEX MUKATHE | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    **Spectrum Link, Inc.**<br><br>                                        *Debtor.* | CASE NO.: **2:21-bk-16403-VZ**<br><br>Adv. No.: **2:23-ap-01173-VZ**<br><br>CHAPTER: **7** |
|---|---|
| | **NOTICE OF MOTION FOR:**<br>**MOTION FOR ORDER TO SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT ALEX MUKATHE** |
| | DATE: 10/24/2024<br>TIME: 11:00 a.m.<br>COURTROOM: 1368 (Zoom.Gov)<br>PLACE: 255 E. Temple St., Los Angeles, CA 90012 |

1.    TO (specify name):   **THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; ALL CREDITORS AND THEIR ATTORNEY OF RECORD; THE STANDING CHAPTER 7 TRUSTEE AND HIS ATTORNEY OF RECORD; AND ALL OTHER INTERESTED PARTIES**

2.    NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.    **Your rights may be affected.**   You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

4.    **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.    **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: **September 24, 2024**

| | **ANYIAM LAW FIRM** |
|---|---|
| | Printed name of law firm |
| | **/s/ Christian U. Anyiam, Esq.** |
| | Signature |
| | **Christian U. Anyiam, Esq. 217326** |
| | Printed name of attorney |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**357 W. 2nd Street, Ste 16**
**San Bernardino, CA 92401**

A true and correct copy of the foregoing document entitled (*specify*):   __**Notice of Motion for Order to Set Aside Default Judgment**__
__**(with Hearing)**__   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and
**(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On __9/24/2024__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Howard M Ehrenberg (TR)** ehrenbergtrustee@gmlaw.com, ca25@ecfcbis.com; C123@ecfcbis.com; howard.ehrenberg@ecf.courtdrive.com; Karen.Files@gmlaw.com

**Mark S Horoupian** mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com; cheryl.caldwell@gmlaw.com; karen.files@gmlaw.com

**United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

**Steven Werth** steven.werth@gmlaw.com, swerth@ecf.courtdrive.com; pdillamar@ecf.courtdrive.com, Karen.Files@gmlaw.com; patricia.dillamar@gmlaw.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On __9/24/2024__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

Alex Mukathe, an individual
8221 3rd St., Suite 204
Downey, CA 90241

Eugene Kim
Assignee of Record
453 S. Spring St., Ste 400
Los Angeles, CA 90013

Spectrum Link, Inc.
11724 216th St.
Lakewood, CA 90715

United Care Residential, Inc., a California corporation
(Suspended Corporation 5/29/2019)
Agent for Service of Process: Alex Mukathe
8221 3rd Street, Suite 204
Downey, CA 90241

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                    Page 2                                          **F 9013-1.1.HEARING.NOTICE**

Millennium Marketing Concepts Inc., a California corporation
(Suspended Corporation – Inactive: 4/26/18)
Agent for Service of Process: Alex Mukathe
8221 3rd St., Ste.204
Downey, CA 90241

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 24, 2024 | Christian U. Anyiam, Esq. 217326 | /s/ Christian U. Anyiam, Esq. |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                      Page 3                          **F 9013-1.1.HEARING.NOTICE**

1

Christian U. Anyiam, Esq., SBN217326
**ANYIAM LAW FIRM**
357 W. 2nd Street, Suite 16
San Bernardino, CA 92401
Tel: 909-383-9500
Fax: 909-245-0045
Email: anyiamlawfirm@gmail.com

2

3

4

5

Attorney for Defendant ALEX MUKATHE

6

7

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

8

9

10

| In re | Case No.: 2:21-bk-16403-VZ |

11

SPECTRUM LINK, INC., | Adv. No.: 2:23-ap-01173-VZ

12

Chapter 7

Debtor(s).

13

**MOTION FOR ORDER TO SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT ALEX MUKATHE;**

14

HOWARD M. EHRENBERG, Chapter 7 Trustee,

15

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF;**

16

Plaintiff,

17

vs.

**DECLARATION OF ALEX MUKATHE IN SUPPORT THEREOF**

18

MILLENNIUM MARKETING CONCEPTS, INC., UNITED CARE RESIDENTIAL, INC., and ALEX MUKATHE,

19

Date:    10/24/2024
Time:    11:00 a.m.
Place:   Courtroom 1368

20

Defendant(s).

21

22

**TO: THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; ALL**

23

**CREDITORS AND THEIR ATTORNEY OF RECORD; THE STANDING TRUSTEE; AND ALL**

24

**OTHER INTERESTED PARTIES:**

25

**COMES NOW** the Non-Creditor/Defendant, ALEX MUKATHE (hereinafter "Defendant"), by and

26

through counsel and does hereby move this Court for an Order to Set Aside the Default Judgment Against

27

Defendant Alex Mukathe.

28

MOTION FOR ORDER TO SET ASIDE THE DEFAULT JUDGMENT AGAINST DEFENDANT

This motion will be made on the grounds that the default judgment was entered as a result of mistake, inadvertence, and excusable neglect under Fed.R.Civ.P. ("FRCP") Rule 60(b), Fed.R.Bank.P. ("FRBP") Rule 7004, 9013, and 9024, on the grounds that Defendant has a meritorious defense, and on the grounds that this Court lacks personal jurisdiction over Defendant ALEX MUKATHE.

This motion will be made based on this Motion, the attached Memorandum of Points and Authorities, the Declaration of ALEX MUKATHE, and all pleadings and papers on file in this case, and on the records and filed herein, and on any such oral and documentary evidence which may be presented at the hearing of the motion.

Respectfully Submitted,
ANYIAM LAW FIRM

Dated: September 20, 2024          By:    /s/ CHRISTIAN U. ANYIAM
CHRISTIAN U. ANYIAM, ESQ.
Attorney for Defendant,
ALEX MUKATHE

Christian U. Anyiam, Esq., SBN217326
**ANYIAM LAW FIRM**
357 W. 2nd Street, Suite 16
San Bernardino, CA 92401
Tel: 909-383-9500
Fax: 909-245-0045
Email: anyiamlawfirm@gmail.com

Attorney for Defendant, ALEX MUKATHE

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No.: 2:21-bk-16403-VZ |
| SPECTRUM LINK, INC., | Adv. No.: 2:23-ap-01173-VZ |
| Debtor(s). | Chapter 7 |
| HOWARD M. EHRENBERG, Chapter 7 Trustee, | **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER TO SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT ALEX MUKATHE** |
| Plaintiff, | |
| vs. | Date:   10/24/2024 |
| MILLENNIUM MARKETING CONCEPTS, INC., UNITED CARE RESIDENTIAL, INC., and ALEX MUKATHE, | Time:  11:00 a.m.<br>Place:  Courtroom 1368 |
| Defendant(s). | |

## I.

## INTRODUCTION

Non-Creditor/Defendant, ALEX MUKATHE (hereinafter "MUKATHE" and/or "Defendant"), was the landlord and agent for service of process for Debtor, SPECTRUM LINK, INC. (hereinafter "Debtor"). MUKATHE was also Mr. Bernard Mayfield's (hereinafter "Mr. Mayfield") and Debtor's and tax preparer prior to Mr. Mayfield's death in April 2021.  Non-Creditor/Defendant MUKATHE has not filed for Bankruptcy

protection, nor has he filed a Proof of Claim in this Bankruptcy case and, thus, is not under the jurisdiction of the Bankruptcy Court.

MUKATHE has discovered that all postal mail addressed to him related to Debtor's Chapter 7 bankruptcy case and the Adversary Proceeding was taken by Debtor's employees and family members without MUKATHE's authorization and not turned over to MUKATHE.

The default judgment entered against MUKATHE in this Adversary Proceeding must be set aside because Defendant was not properly served with the Complaint and First Amended Complaint as further discussed herein.

## II.

## FACTS

MUKATHE's business address is 8221 3rd Street, Suite 204, Downey, CA 90241 (the "business office"). The business office is made up of 3 separate office spaces, one of which – space A, is occupied by MUKATHE.

On or about January 7, 2015, Mr. Mayfield, on behalf of the Debtor, and MUKATHE entered into a 6-month commercial sublease agreement ("sublease agreement") whereby Debtor rented office spaces B and C from MUKATHE (*See* **EXHIBIT 1**). The Debtor's offices were the front office (office space B) and the back-office space (office space C). MUKATHE occupies the center office space (office space A). Pursuant to the sublease agreement, the subleased space rent was $1,000.00 monthly.

The U.S. Postman would regularly leave mail for all occupants of the business office on a mail tray located at the entrance of the business office or place it through a mail slot in the entrance door. MUKATHE would regularly pick up mail addressed to him from the mail tray or from the entrance floor immediately before entering his own center-office space.

On or about October 10, 2013, prior to subleasing the business office space, Mr. Mayfield had MUKATHE assist in preparing and filing the articles of incorporation for Debtor using the business office as the Debtor's corporate business and mailing address, and act as Debtor's agent for service of process.

During Debtor's tenancy, Mr. Mayfield would regularly pick up his own U.S. mail deliveries and leave MUKATHE's mail uninterrupted and ready for MUKATHE's pick up thereof. Further, Mr. Mayfield would tender the Debtor's monthly office space rent to MUKATHE in the form of business checks from Debtor's

business checking account by handing MUKATHE the rent checks or remitting fund transfers to MUKATHE from Debtor's bank accounts.

At no time did MUKATHE authorize Mr. Mayfield, Debtor, or Debtor's staff to accept service of process of any kind on MUKATHE's behalf.  MUKATHE never authorized Mr. Mayfield, Debtor, or Debtor's staff to pick up and retain U.S. postal mail addressed to MUKATHE.  Moreover, beyond being listed as Debtor's agent for service of process and preparing Debtor's tax returns with the information provided by Mr. Mayfield, MUKATHE served no other role with Debtor.

On or about April 2021, Mr. Mayfield passed away.  Nevertheless, Mr. Mayfield's family and Debtor's employees would regularly occupy the front and back-office spaces leased to Mr. Mayfield and continued paying rent for those office spaces to MUKATHE on a month-to-month basis.

On or about August 2, 2024, MUKATHE was **shocked** to receive a Writ of Execution and Abstract of Judgment by mail at his principal residence commonly known as 8608 Parrot Ave., Downey, CA 90240 ("MUKATHE's residence").  The Writ and Abstract were apparently from an Adversary Proceeding entitled *Howard M. Ehrenberg, Chapter 7 Trustee vs. Millennium Marketing Concepts, Inc., United Care Residential Inc., and Alex Mukathe*, assigned case number 2:23-ap-01173-VZ (the "Adversary Proceeding").  This was the first time MUKATHE had learned he was a Defendant in this Adversary Proceeding.

Pursuant to the Adversary Proceeding docket report, Plaintiff, HOWARD M. EHRENBERG, Chapter 7 Trustee ("Plaintiff"), filed the underlying Complaint on June 9, 2023[1].

On June 16, 2023, Plaintiff filed the Summons and Notice of Status Conference in Adversary Proceeding (the "Summons"), listing on the Proof of Service that the following parties were served via first class U.S. Mail: a) Alex Mukathe, an individual: 8221 3rd St., Suite 204, Downey, CA 90241; b) United Care Residential, Inc., a California corporation (Suspended Corporation 5/29/2019), Agent for Service of Process: Alex Mukathe, 8221 3rd St., Suite 204, Downey, CA 90241; and c) Millennium Marketing Concepts, Inc., a California corporation (Suspended Corporation – Inactive: 4/26/2018), Agent for Service of Process: Alex Mukathe, 8221 3rd St., Suite 204, Downey, CA 90241[2] (*See* **EXHIBIT 2**).

---

[1] *See* Adversary Proceeding, court docket no. 1.

[2] *See* Adversary Proceeding, court docket no. 3.

On October 11, 2023, Plaintiff filed a First Amended Complaint ("FAC")[3].

According to Plaintiff's Motion for Default Judgment Under LBR 7055-1 filed in the Adversary Proceeding[4]: a) the Summons and Complaint were allegedly served on MUKATHE by mail service on June 15, 2023; b) "[T]he time for filing an answer or other response expired on August 11, 2022;" and c) the default of MUKATHE was entered on November 15, 2023. *See Plaintiff's Motion for Default Judgment*, pgs. 1 – 2, ¶¶ 3, 5, and 7b.

However, pursuant to Plaintiff's Request for Clerk to Enter Default Under LBR 7055-1(a) filed in the Adversary Proceeding[5] giving rise to Plaintiff's Motion for Default Judgment, Plaintiff stated that "[T]he time for filing an Answer or other response expired on July 12, 2023."

On February 22, 2024, this Court entered a default judgment against Defendant[6].  On July 29, 2024, Plaintiff filed a Writ of Execution in favor of Plaintiff and against MUKATHE[7] (*See* **EXHIBIT 3**).  On July 30, 2024, Plaintiff filed an Abstract of Judgment against MUKATHE noting MUKATHE's residence address, alleging, "The Summons was personally served at, or mail[ed] to: 8608 Parrot Avenue, Downey, CA 90240." (*See* **EXHIBIT 4**) *See* Abstract of Judgment, ¶2.

MUKATHE never received a copy of the Complaint, the FAC, the Request for Clerk to Enter Default, or the Motion for Default Judgment allegedly mailed to MUKATHE.  Accordingly, the Court lacked personal jurisdiction when the default judgment was entered against MUKATHE.

### III.

### <u>ARGUMENTS</u>

**A)  THE DEFAULT JUDGMENT SHOULD BE SET ASIDE AS VOID UNDER FRCP RULE 60(b)(4) BECAUSE PLAINTIFF FAILED TO PROPERLY SERVE MUKATHE WITH THE SUMMONS, COMPLAINT, AND FIRST AMENDED COMPLAINT.**

Under Fed. R. Civ. Proc., Rule 60(b)(4), made applicable to this action through Fed. R. Bankr. Proc.,

---

[3] *See* Adversary Proceeding, court docket no. 14.
[4] *See* Adversary Proceeding, court docket no. 22.
[5] *See* Adversary Proceeding, court docket no. 6.
[6] *See* Adversary Proceeding, court docket no. 25.
[7] *See* Adversary Proceeding, court docket no. 40.

Rule 9024, a party is entitled to relief from a judgment where the judgment is void.  The February 22, 2024

Default Judgment against Defendant should be set aside as void, because the Plaintiff failed to properly serve

MUKATHE with the summons, complaint, and FAC.  As a result, this Court did not have personal jurisdiction

over MUKATHE when it entered the default judgment.

Since the provisions for relief from default are remedial in nature, they must be liberally applied. 1

Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:220

at 6-68.1, *citing, In re Hammer,* 940 F.2d 524, 525 (9th Cir. 1991).  Default judgments are generally disfavored.

1 Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶

6:221 at 6-68.1, *citing, In re Hammer,* 940 F.2d at 525.  See *Goodrich v. Richards (In re Richards)*, No. 2:14-

bk-21035-RK, at *1 (Bankr. C.D. Cal. Mar. 30, 2015).

This case is an adversary proceeding because it is a proceeding to recover money or property.  See Fed.

R. Bankr. P. 7001(1).  Rule 7004 thus controls the process for service of the summons and complaint in an

adversary proceeding. Under Rule 7004, "[s]ervice may be made within the United States by first class mail

postage prepaid upon an individual… by mailing a copy of the summons and complaint to the individual's

dwelling house or usual place of abode or to the place where the individual regularly conducts a business or

profession." FRCP 7004(b)(1).  Defendant MUKATHE is an individual.  Accordingly, Plaintiff was required to

serve the Complaint and FAC to MUKATHE's residence or business office.

On or about April 2021, Mr. Mayfield passed away.  Nevertheless, Mr. Mayfield's family and Debtor's

employees would regularly occupy the front and back-office spaces leased to Debtor and continued paying rent

for those office spaces to MUKATHE on a month-to-month basis.

MUKATHE has discovered that all postal mail addressed to him related to Debtor's Chapter 7

bankruptcy case and the Adversary Proceeding was taken by Debtor's employees and family members without

MUKATHE's authorization and not turned over to MUKATHE.  Nevertheless, Plaintiff knew or should have

known where MUKATHE's principal residence was situated to personally serve MUKATHE with the

Summons and Complaint but failed to do so.  Therefore, MUKATHE was not effectively served under FRCP

7004(b)(1), rendering the default judgment against MUKATHE void.

Personal jurisdiction is a court's power to adjudicate the rights and liabilities of a defendant. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Service of the summons and the complaint is the procedure by which a court asserts jurisdiction over the party served, *Omni Capital Int'l, Ltd. v. Rudolf Wolff Co. Ltd.,* 484 U.S. 97, 104 (1987), and supplies notice to the defendant of the pendency of the legal action. *Henderson v. United States*, 517 U.S. 654, 671-72 (1996). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd.,* 484 U.S. at 104. It is fundamental that due process of law requires "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank Trust Co.*, 339 U.S. 306, 314 (1950). "Service under FED. R. BANKR. P. 7004 comports with the procedural due process requirements identified by the Supreme Court in *Mullane*." *In re Levoy*, 102 B.R. 827, 833 (B.A.P. 9th Cir. 1995). See *In re Pacific Magtron, Inc.*, BK-S-05-14331-LBR, ADV. NO.: 06-1168, at *3 (Bankr. D. Nev. Mar. 15, 2007).

Here, MUKATHE was not apprised of the pendency of this Adversary Proceeding and was not afforded the opportunity to present his defense because all mail related to this Debtor, Debtor's underlying bankruptcy case, and this Adversary Proceeding was taken by Debtor's employees and Mr. Mayfield's family without Defendant's authorization and not delivered to MUKATHE. Moreover, Plaintiff knew or should have known of MUKATHE's abode but failed to mail or personally serve Defendant at MUKATHE's residence. In fact, Plaintiff misleadingly stated on the Abstract of Judgment that Plaintiff allegedly personally served MUKATHE at MUKATHE's residence which is not true. This contradicts the information contained in the Summons service executed filed by Plaintiff on June 16, 2023, wherein MUKATHE's business office address was the only address listed for MUKATHE.

Because MUKATHE was never properly served with the Summons, Complaint, or FAC, this Court did not have personal jurisdiction over this Defendant. The Default Judgment of February 22, 2024, is void and MUKATHE respectfully requests that it be set aside pursuant to FRCP 60(b)(4).

**B)  IN THE ALTERNATIVE, THE DEFAULT JUDGMENT SHOULD BE SET ASIDE UNDER FRCP 60(b)(1) DUE TO EXCUSABLE NEGLECT.**

Where a defendant seeks timely relief from default or default judgment and has a meritorious defense, any doubts should be resolved in favor of granting a motion for relief from default or default judgment. 1

Schwarzer, Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 6:222 at 6-68.1, *citing,In re Hammer,* 940 F.2d at 525 and *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.3d at 690. *Goodrich v. Richards (In re Richards)*, No. 2:14-bk-21035-RK, at *1 (Bankr. C.D. Cal. Mar. 30, 2015).

Under Fed. R. Civ. Proc., Rule 60(b)(1), made applicable to this action through Fed. R. Bankr. Proc., Rule 9024, the Court may set aside the default judgment under these circumstances, as follows:

> "On motion and upon such terms as just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect..."

The Supreme Court recognized that the concept of excusable neglect was "not limited strictly to omissions caused by circumstances beyond the control of the movant" and could include situations in which the failure to comply with a filing deadline is attributable to negligence. See *In re Guzman*, BAP CC-10-1013-HDMk, at *1 (B.A.P. 9th Cir. Sep. 20, 2010) citing *Pioneer Inv. Servs. Co. v. Brunswick Asocs. Ltd. P'ship,* 507 U.S. at 392 (*Pioneer*) (1993).

In determining whether excusable neglect is present in a particular case, the Court must engage in an equitable inquiry involving numerous considerations, including whether the defaulting party has a meritorious defense to its claims. *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001). In addition, the Court must apply the following factors, known as the *Pioneer* factors, to the case: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498.

In the instant case, Defendant has a meritorious defense that can be successful in this case. The underlying Adversary Proceeding Complaint asserts five claims for relief: 1) seeking to avoid alleged transfers as intentional fraudulent transfers under California law, 2) seeking to avoid the alleged transfers as constructively fraudulent transfers under California law, 3) & 4) seeking to avoid a portion of the alleged transfers that allegedly occurred within 2 years of the petition date as intentional and constructive fraudulent transfers under Section 548 of the Bankruptcy Code, and 5) seeking to recover the alleged avoided transfers under Bankruptcy Code Section 550.

Plaintiff's Motion for Default Judgment filed in the Adversary Proceeding states that the Summons and Complaint were served on Defendants by mail service on June 15, 2023, in contrast with the statements made in Plaintiff's Abstract of Judgment.

Plaintiff's Motion for Default Judgment leading to the entry of the Default Judgment states that MUKATHE was not a central figure in the Debtor's fraudulent scheme, but that MUKATHE played a key role because he prepared the Debtor's Federal tax return. *See* Motion for Default Judgment, pg.11:17-19. MUKATHE is a tax preparer. Plaintiff infers that because MUKATHE prepared Debtor's tax return, he somehow knew that Debtor's income was minimal and aided Debtor to maintain the illusion that the Debtor was profitable. Yet, Plaintiff fails to acknowledge that a tax preparer can only prepare tax returns based on the information provided by his client.

Moreover, Plaintiff incorrectly infers that MUKATHE owned an apartment in Downey, California which Mr. Mayfield used as one of the Debtor's mailing addresses. *See* Motion for Default Judgment, pg.11:22-23. In fact, the address inferred is actually the business office which Debtor subleased from MUKATHE for which a sublease agreement exists. By Plaintiff's own admission, the Debtor's payments to MUKATHE and United Care Residential, Inc., a company owned by MUKATHE, were for the rent owed by Debtor to MUKATHE pursuant to the sublease agreement. *See* Motion for Default Judgment, pg.8: 22-27 and pg.9: 1-2. Moreover, Plaintiff admits that MUKATHE did not control Millennium Marketing Concepts, Inc. ("Millennium") and that Mr. Mayfield was the person actually in control of Millennium, notwithstanding the Chapter 7 Trustee's initial suspicion that it was MUKATHE who controlled Millennium. *See* Motion for Default Judgment, pg.12: 9-13.

At no point is there any clear evidence demonstrating that Debtor made any fraudulent or avoidable transfer to MUKATHE. The only receipt of funds from the Debtor received by MUKATHE was for the payment of the office space rent and his tax preparer services. Accordingly, the Default Judgment should be set aside.

### 1.   AN APPLICATION OF THE PIONEER FACTORS WEIGHS IN FAVOR OF FINDING EXCUSABLE NEGLECT.

Not only does MUKATHE have a meritorious defense in this case, but an application of the Pioneer factors also leads to the conclusion that MUKATHE's default was attributable to excusable negligence.

Specifically, there is no danger of prejudice to Plaintiff if MUKATHE's motion is granted, the delay has not affected the legal proceedings, MUKATHE took action as soon as he became aware of the Default Judgment, MUKATHE did not act intentionally with respect to his failure to answer the Complaint and FAC, and MUKATHE has at all times acted in good faith.

### a)  There Is No Danger of Prejudice to Plaintiff.

The Ninth Circuit has previously held that, "A Bankruptcy Court has continuous powers to vacate or modify its own orders, if no intervening or vested rights are disturbed." In re: Casaudoumecq 46 F. Supp. 718, 723 (S.D. Cal. 1942), citing Federal Land Bank v. Hansen, 113 F.2d 82; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131; In re: Price, 99 F.2d 691; and cited with approval in In re: Johns Clay & Co., 43 B.R. 797, 806-07 (Bankr. D. Utah, 1984).

Here, Plaintiff stated in the Motion for Default Judgment that, "[T]rustee is not seeking to obtain a default over the objection of the Defendants, and the Trustee will stipulate with the Defendants to set aside the default if the Defendants choose to participate in this litigation." See Motion for Default Judgment, pg.15:7-10.

Further, Plaintiff has obtained separate judgments against Millennium which has nothing to do with MUKATHE.  Thus, no one is prejudiced by vacating this Default Judgment.  So long as this matter is heard and an order entered forthwith, no party will be prejudiced or will have substantially changed their position since entry of the Default Judgment.

There are no facts in the record indicating that the timing of the result in this case will have any effect on Plaintiffs or any indication that concrete prejudice exists. Setting aside the Default Judgment poses no danger of prejudice to Plaintiff, and therefore this Pioneer factor weighs heavily in favor of a finding of excusable neglect.

### b)  The Delay Has Not Affected the Legal Proceedings and MUKATHE Took Action as Soon as he Became Aware of the Default Judgment.

Here, MUKATHE did not have actual knowledge of this Adversary Proceeding until *after* the Default Judgment was entered and upon receipt of the Writ and Abstract of Judgment. (*See* Declaration of MUKATHE ¶26).  Other courts have found excusable neglect when a defaulting party took action upon learning of the entry

of a default judgment. See *In re Emmons ("Emmons")*, 349 B.R. at 790 (W.D. Mo. 2006); *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d at 783 (8th Cir. 2001) (noting movant's immediate response to notice of default judgment in setting aside default judgment).

In addition, MUKATHE's unintended default has had no significant impact on the status of the legal proceedings. The underlying bankruptcy case has long been concluded and there are no other pending matters that are affected by this case. As recognized in *Emmons*, the only delay will be "the initiation of the process of pleading, discovery and other pretrial proceedings necessary to prepare this case for resolution." *Id*. This type of delay does not outweigh the Court's interest in having cases decided on their merits. See *Id*. Thus, this Pioneer factor also weighs in favor of a finding of excusable neglect.

### c) There Is No Evidence That MUKATHE Has Acted Intentionally, Willfully, or Contumaciously.

Here, MUKATHE was simply unaware of the adversary proceeding. (*See* Declaration of MUKATHE ¶26). There is absolutely no evidence that MUKATHE intentionally, willfully or contumaciously ignored the deadlines. Rather, the evidence shows that as soon as MUKATHE became actually aware of this lawsuit, he took immediate action to address the situation. (*See* Declaration of MUKATHE ¶28). The reason behind MUKATHE's default amounts to a marginal and unintentional oversight and is not the willful violation of court rules. Other Courts have found it well within the district court's discretion to set aside default judgment when a defendant has failed to receive notice of a lawsuit due to mail-related or communication issues. See *Union Pac.*, 256 F.3d at 783 (setting aside default judgment where defendant neglected to file answer because of recording error by legal department); *Johnson V. Dayton Elec. Mfg. Co.*, 140 F.3d at 784-85 (8th Cir. 1998) (reversing trial court's denial of motion to set aside default judgment where defendant "guilty of only a marginal failure" related to poor communication between counsel and insurer). Thus, this Pioneer factor weighs in favor of a finding of excusable neglect.

### d) MUKATHE Has Acted in Good Faith at All Times.

MUKATHE was unaware of the lawsuit due to an oversight and at no time did it purposefully ignore or disregard the Court or the rules of procedure. When a defaulting party is mistakenly unaware of a lawsuit, the

defaulting party has not acted in bad faith even if numerous notices were sent to the defaulting party. See *Emmons*, 349 B.R. at 790-91.  As soon as MUKATHE became aware of the lawsuit, he took immediate efforts to address the matter. (*See* Declaration of MUKATHE ¶28).  MUKATHE has at all times acted in good faith and his default was the result of excusable neglect.  Application of the Pioneer factors demonstrates MUKATHE's failure to respond to the Complaint and FAC constitutes excusable neglect.  Furthermore, there is evidence demonstrating MUKATHE has a meritorious defense to Plaintiff's claims. Clearly, based on the totality of these circumstances, this constitutes "mistake, inadvertence, surprise, or excusable neglect."  For these reasons, MUKATHE respectfully requests that this Court grant his Motion to Set Aside Default Judgment pursuant to Fed. R. Civ. P. 60(b)(1).

### C) THE BANKRUPTCY COURT HAS BROAD EQUITABLE POWERS AND MAY FASHION A REMEDY TO ACHIEVE AN EQUITABLE RESULT

The equities compel setting aside the default judgment.

11 U.S.C. § 105(a) provides relevantly,

> "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Here, MUKATHE is not the debtor or a creditor in the underlying bankruptcy case and never filed a Proof of Claim.  This Court did not have personal jurisdiction over MUKATHE when the Default Judgment was entered because he was not apprised of the pendency of the action or afford an opportunity to present his objections, including his meritorious defenses as explained herein.

If the Default Judgment is allowed to stand, Plaintiff will receive a $20,150.00 windfall based on uncorroborated testimony, and despite documentary evidence that MUKATHE did not engage in the acts alleged by Plaintiff.  As a result, the interest of justice mandates that the Default Judgment be set aside.

A more equitable result would be to set aside the Default Judgment and allow this Defendant the opportunity to mount his defenses.

///

///

**IV.**

**<u>CONCLUSION</u>**

Based on the foregoing, Defendant MUKATHE respectfully requests that this Court grant

MUKATHE's Motion to Set Aside Default Judgment.

Respectfully Submitted,
ANYIAM LAW FIRM

Dated: September 20, 2024            By:    __/s/ CHRISTIAN U. ANYIAM_____

CHRISTIAN U. ANYIAM, ESQ.
Attorney for Defendant
ALEX MUKATHE

Christian U. Anyiam, Esq., SBN217326
**ANYIAM LAW FIRM**
357 W. 2nd Street, Suite 16
San Bernardino, CA 92401
Tel: 909-383-9500
Fax: 909-245-0045
Email: anyiamlawfirm@gmail.com

Attorney for Defendant, ALEX MUKATHE

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No.: 2:21-bk-16403-VZ |
| SPECTRUM LINK, INC., | Adv. No.: 2:23-ap-01173-VZ |
| Debtor(s). | Chapter 7 |
| | |
| HOWARD M. EHRENBERG, Chapter 7 Trustee, | **DECLARATION OF ALEX MUKATHE IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER TO SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT ALEX MUKATHE** |
| Plaintiff, | |
| vs. | |
| | Date:    10/24/2024 |
| MILLENNIUM MARKETING CONCEPTS, INC., UNITED CARE RESIDENTIAL, INC., and ALEX MUKATHE, | Time:    11:00 a.m. Place:   Courtroom 1368 |
| Defendant(s). | |

I, ALEX MUKATHE, hereby declare as follows:

1.      That I am the Defendant in this Adversary Proceeding filed with this Honorable Court.

2.      This Declaration is in support of my Motion for an Order to Set Aside the Default Judgment against me in this Adversary Proceeding filed as part of the Chapter 7 Bankruptcy case of Spectrum Link, Inc. (the "Debtor").

3.      I have not filed for Bankruptcy protection, nor have I filed a Proof of Claim, in this Bankruptcy case.

4.      I am a tax preparer by trade and assist people in forming business entities.

5.      I was Mr. Bernard Mayfield's (hereinafter "Mr. Mayfield") and Debtor's and tax preparer prior to Mr. Mayfield's death in April 2021.

6.      Plaintiff infers that because I prepared Debtor's tax return, that I somehow knew that Debtor's income was minimal and aided Debtor to maintain the illusion that the Debtor was profitable.

7.      I only prepare tax returns, including those prepared for Mr. Mayfield and the Debtor, based on the information provided by my client.

8.      My business address is 8221 3rd Street, Suite 204, Downey, CA 90241 (the "business office").  The business office is made up of 3 separate office spaces, one of which – space A, is occupied by me.

9.      On or about January 7, 2015, Mr. Mayfield, on behalf of the Debtor, and I entered into a 6-month commercial sublease agreement ("sublease agreement") whereby Debtor rented office spaces B and C from me (*See* **EXHIBIT 1**).

10.     The Debtor's offices were the front office (office space B) and the back-office space (office space C).  I occupy the center office space (office space A).

11.     Pursuant to the sublease agreement, the subleased space rent was $1,000.00 monthly.  Mr. Mayfield would tender the Debtor's monthly office space rent to me in the form of business checks and fund transfers from Debtor's business checking account.

12.     On or about October 10, 2013, prior to subleasing the business office space, Mr. Mayfield had me assist him in preparing and filing the articles of incorporation for the Debtor using the business office as the Debtor's corporate business and mailing address, and act as Debtor's agent for service of process.

13.     Beyond being listed as Debtor's agent for service of process and preparing Debtor's tax returns with the information provided by Mr. Mayfield, I served no other role with Debtor.

14.     The only funds I ever received from Debtor and Mr. Mayfield were for tax preparation services and payments of the Debtor's sublease rent.

15.     The U.S. Postman would regularly leave mail for all occupants of the business office on a mail tray located at the entrance of the business office or place it through a mail slot in the entrance door.

16.     I would regularly pick up mail addressed to me from the mail tray or from the entrance floor immediately before entering my own center-office space.

17.     During Debtor's tenancy, Mr. Mayfield and Debtor's staff would regularly pick up their own U.S. mail deliveries and leave my mail uninterrupted and available for me to pick it up.

18.     At no time did I authorize Mr. Mayfield, Debtor, or Debtor's staff to accept service of process of any kind on my behalf.

19.     I never authorized Mr. Mayfield, Debtor, or Debtor's staff to pick up and retain U.S. postal mail addressed to me or my businesses.

20.     On or about April 2021, Mr. Mayfield passed away.  Nevertheless, Mr. Mayfield's family and Debtor's employees would regularly occupy the front and back-office spaces leased to the Debtor and continued paying rent for those office spaces to me on a month-to-month basis.

21.     On or about August 2, 2024, I was **shocked** to receive a Writ of Execution and Abstract of Judgment by mail at my principal residence commonly known as 8608 Parrot Ave., Downey, CA 90240 ("my residence").

22.     The Writ of Execution and Abstract of Judgment were apparently from an Adversary Proceeding entitled _Howard M. Ehrenberg, Chapter 7 Trustee vs. Millennium Marketing Concepts, Inc., United Care Residential Inc., and Alex Mukathe_, assigned case number 2:23-ap-01173-VZ (the "Adversary Proceeding").

23.     I was never personally served at my residence or the business office with the Adversary Proceeding's Summons and Complaint, or any Amended Complaint thereto.

24.     United Care Residential, Inc. is one of the businesses which I control.

25.     Based on my knowledge and reasonable belief, I thereon allege that Mr. Mayfield was the person in control of Millennium Marketing Concepts, Inc. ("Millennium").  I did not control Millennium.

26.     Upon receipt of the Writ of Execution and the Abstract of Judgment was the first time I learned that I was a Defendant in this Adversary Proceeding.  Prior to receiving these documents, I was unaware of the Adversary Proceeding.

27.     On or about September 5, 2024, I spoke with Mr. Mayfield's sister, Marilyn Adjangba, who explained to me that all postal mail addressed related to Debtor's Chapter 7 bankruptcy case and the Adversary Proceeding, including that mail which was addressed to me in that regard, was taken by Debtor's employees and various family members.

28.     Immediately thereafter, I retained counsel to file this Motion.

29.     Plaintiff incorrectly infers that I owned an apartment in Downey, California which Mr. Mayfield used as one of the Debtor's mailing addresses.  However, the address alleged as an apartment is actually the business office which Debtor subleased from me for which a sublease agreement exists.

30.     I hereby pray this Honorable Court considers the above circumstances beyond my control and set aside the Default Judgment entered against me on February 22, 2024.

I declare under penalty of perjury under the laws of California that the above is true and correct and that this declaration was completed this 23th day of September 2024 in Downey, California.


 /s/: Alex Mukathe_____

ALEX MUKATHE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

357 W. 2nd Street, Suite 16
San Bernardino, CA 92401

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION FOR ORDER TO SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT ALEX MUKATHE; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF ALEX MUKATHE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **9/24/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Howard M Ehrenberg (TR)** ehrenbergtrustee@gmlaw.com, ca25@ecfcbis.com; C123@ecfcbis.com; howard.ehrenberg@ecf.courtdrive.com; Karen.Files@gmlaw.com

**Mark S Horoupian** mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com; cheryl.caldwell@gmlaw.com; karen.files@gmlaw.com

**United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

**Steven Werth** steven.werth@gmlaw.com, swerth@ecf.courtdrive.com; pdillamar@ecf.courtdrive.com; Karen.Files@gmlaw.com; patricia.dillamar@gmlaw.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **9/24/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

Alex Mukathe, an individual
8221 3rd St., Suite 204
Downey, CA 90241

Eugene Kim
Assignee of Record
453 S. Spring St., Ste 400
Los Angeles, CA 90013

Spectrum Link, Inc.
11724 216th St.
Lakewood, CA 90715

United Care Residential, Inc., a California corporation
(Suspended Corporation 5/29/2019)
Agent for Service of Process: Alex Mukathe
8221 3rd Street, Suite 204
Downey, CA 90241

Millennium Marketing Concepts Inc., a California corporation
(Suspended Corporation – Inactive: 4/26/18)
Agent for Service of Process: Alex Mukathe
8221 3rd St., Ste.204
Downey, CA 90241

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/24/2024 | CHRISTIAN U. ANYIAM | /s/ CHRISTIAN U. ANYIAM |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

EXHIBIT  1

FILE COPY

SUBLEASE

1.   **Parties.** This sublease is made by and between <u>DR. ALEX MUKATHE</u> (herein called "Sublessor") and <u>SPECTRUM LINK, INC.</u> (herein called "Sublessee"), and is dated, for reference purposes only, the <u>1ST</u> day of <u>JANUARY</u>, <u>2015</u>.

2.   **Premises.** Sublessor hereby subleases to Sublessee and Sublessee hereby subleases from Sublessor for the term, at the rental, and upon all of the conditions set forth herein, that certain real property situated in the City of <u>DOWNEY</u>, County of <u>LOS ANGELES</u>, State of <u>CALIFORNIA</u> commonly known as _____, and legally described as _____

Said real property, including the land and all improvements thereon, is hereinafter called "the Premises."

3.   **Term.** The term of this Sublease shall be for <u>6 MONTHS</u> commencing on the <u>1st</u> day of <u>JANUARY</u>, <u>2015</u> and ending on the <u>30th</u> day of <u>JUNE</u> <u>2015</u> unless sooner terminated pursuant to any provision hereof.

    **Delay in Commencement.** Notwithstanding said commencement date, if for any reason Sublessor cannot deliver possession of the Premises to Sublessee on said date, Sublessor shall not be subject to any liability herefor, nor shall such failure affect the validity of this Sublease or the obligations of Sublessee hereunder or extend the term hereof, but in such case Sublessee shall not be obligated to pay rent until possession of the Premises is tendered to Sublessee; provided, however, that if Sublessor shall not have delivered possession of the Premises within sixty (60) days from said commencement date, Sublessee may, at Sublessee's option, by notice in writing to Sublessor within ten (10) days thereafter, cancel this Sublease, in which event the parties shall be discharged from all obligations hereunder. If Sublessee occupies the Premises prior to said commencement date, such occupancy shall be subject to all provisions hereof, such occupancy shall not advance the termination date and Sublessee shall pay rent for such period at the initial monthly rates set forth below.

4.   **Rent.** Sublessee shall pay to Sublessor as rent for the Premises equal monthly payments of <u>ONE THOUSAND</u> dollars (US$ <u>1,000</u> ), in advance, on the <u>1st</u> day of each month of the term hereof. Sublessee shall pay Sublessor upon the execution hereof _____ dollars (US$ _____ ) as rent for _____. Rent for any period during the term hereof which is for less than one month shall be a pro rata portion of the monthly installment. Rent shall be payable in lawful money of the United States to Sublessor at the address stated herein or to such other persons or at such other places as Sublessor may designate in writing.

5.   **Security Deposit.** Sublessee shall deposit with Sublessor upon execution hereof <u>ONE THOUSAND</u> dollars (US$ <u>1,000</u> ) as security for Sublessee's faithful performance of Sublessee's obligation hereunder. If Sublessee fails to pay rent or other charges due hereunder, or otherwise defaults with respect to any provision of the Sublease, Sublessor may use, apply or retain all or any portion of said deposit for the payment of any rent or other charge in default or for the payment of any other sum to which Sublessor may become obligated by reason of Sublessee's default, or to compensate Sublessor for any loss or damage which Sublessor may suffer thereby. If Sublessor so uses or applies all or any portion of said deposit, Sublessee shall within ten (10) days after written demand therefor deposit cash with Sublessor in an amount sufficient to restore said deposit to the full amount hereinabove stated and Sublessee's failure to do so shall be a material breach of this Sublease. Sublessor shall not be required to keep said deposit separate from its general accounts. If Sublessee performs all of Sublessee's obligations hereunder, said deposit, or so much thereof as has not theretofore been applied by Sublessor, shall be returned, without payment of interest or other increment for its use to Sublessee (or at Sublessor's option, to the last assignee, if any, of Sublessee's interest hereunder) at the expiration of the term hereof, and after Sublessee has vacated the Premises. No trust relationship is created herein between Sublessor and Sublessee with respect to said Security Deposit.

6.   **Use.** The Premises shall be used and occupied only for <u>SALES AND MARKETING SERVICE</u>

    **Compliance with Law.**

    (a) Sublessor warrants to Sublessee that the Premises, in its existing state, but without regard to the use for which Sublessee will use the Premises, does not violate any applicable building code regulation or ordinance at the time that this

Before you use this form, fill in all blanks, and make whatever changes are appropriate and necessary to your particular transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. Wolcotts makes no representation or warranty, express or implied, with respect to the merchantability or fitness of this form for an intended use or purpose.



7 67775 00943 9

Form 943    rev. 04-05

Sublease is executed. In the event that it is determined that this warranty has been violated, then it shall be the obligation of the Sublessor, after written notice from Sublessee, to promptly, at Sublessor's sole cost and expense, rectify any such violation. In the event that Sublessee does not give to Sublessor written notice of the violation of this warranty within one year from the commencement of the term of this Sublease, it shall be conclusively deemed that such violation did not exist and the correction of the same shall be the obligation of the Sublessee.

(b) Except as provided in paragraph 6(a), Sublessee shall, at Sublessee's expense, comply promptly with all applicable statutes, ordinances, rules, regulations, orders, restrictions of record, and requirements in effect during the term of any part of the term hereof regulating the use by Sublessee of the Premises. Sublessee shall not use or permit the use of the Premises in any manner that will tend to create waste or a nuisance or, if there shall be more than one tenant of the building containing the Premises, which shall tend to disturb such other tenants.

**Condition of Premises**. Except as provided in paragraph 6(a) Sublessee hereby accepts the Premises in their condition existing as of the date of the execution hereof, subject to all applicable zoning, municipal, county and state laws, ordinances, and regulations governing and regulating the use of the Premises, and accepts this Sublease subject thereto and to all matters disclosed thereby and by any exhibits attached hereto. Sublessee acknowledges that neither Sublessor nor Sublessor's agents have made any representation or warranty as to the suitability of the Premises for the conduct of Sublessee's business.

7.    **Master Lease.**

(a) Sublessor is the lessee of the Premises by virtue of a lease, hereinafter referred to as the "Master Lease", a copy of which is attached hereto marked Exhibit 1, dated the _____ day of _____, _____, wherein _____ is the Lessor, hereinafter referred to as the "Master Lessor."

(b) This Sublease is and shall be at all times subject and subordinate to the Master Lease.

(c) The terms, conditions and respective obligations of Sublessor and Sublessee to each other under this Sublease shall be the terms and conditions of the Master Lease except for those provisions of the Master Lease which are directly contradicted by this Sublease in which event the terms of this Sublease document shall control over the Master Lease. Therefore, for the purposes of this Sublease, wherever in the Master Lease the word "Lessor" is used it shall be deemed to mean the Sublessor herein and wherever in the Master Lease the word "Lessee" is used it shall be deemed to mean the Sublessee herein.

(d) During the term of this Sublease and for all periods subsequent for obligations which have arisen prior to the termination of this Sublease, Sublessee does hereby expressly assume and agree to perform and comply with, for the benefit of Sublessor and Master Lessor, each and every obligation of Sublessor under the Master Lease except for the following paragraphs which are excluded therefrom: _____

_____

(e)   The obligations that Sublessee has assumed under paragraph 7(d) hereof are hereinafter referred to as the "Sublessee's Assumed Obligations." The obligations that Sublessee has not assumed under paragraph 7(d) hereof are hereinafter referred to as the "Sublessor's Remaining Obligations."

(f)  Sublessee shall hold Sublessor free and harmless of and from all liability, judgments, costs, damages, claims or demands, including reasonable attorney's fees, arising out of Sublessee's failure to comply with or perform Sublessee's Assumed Obligations.

(g) Sublessor agrees to maintain the Master Lease during the entire term of this Sublease, subject, however, to any earlier termination of the Master Lease without the fault of the Sublessor, and to comply with or perform Sublessor's Remaining Obligations and to hold Sublessee free and harmless of and from all liability, judgments, costs, damages, claims or demands arising out of Sublessor's failure to comply with or perform Sublessor's Remaining Obligations.

(h) Sublessor represents to Sublessee that the Master Lease is in full force and effect and that no default exists on the part of any party to the Master Lease.

8.    **Assignment of Sublease and Default.**

(a) Sublessor hereby assigns and transfers to Master Lessor the Sublessor's interest in this sublease and all rentals and income arising therefrom, subject, however, to terms of paragraph 8(b) hereof.

(b) Master Lessor, by executing this document, agrees that until a default shall occur in the performance of Sublessor's Obligations under the Master Lease, that Sublessor may receive, collect and enjoy the rents accruing under this Sublease. However, if Sublessor shall default in the performance of its obligations to Master Lessor then Master Lessor may, at its option, receive and collect, directly from Sublessee, all rent owing and to be owed under this Sublease. Master Lessor shall not, by reason of this assignment of the Sublease nor by reason of the collection of the rents from the Sublessee, be deemed liable to Sublessee for any failure of the Sublessor to perform and comply with Sublessor's Remaining Obligations.

(c) Sublessor hereby irrevocably authorizes and directs Sublessee, upon receipt of any written notice from the Master Lessor stating that a default exists in the performance of Sublessor's obligations under the Master Lease, to pay to Master Lessor the rents due and to become due under the Sublease. Sublessor agrees that Sublessee shall have the right to rely upon any such statement and request from Master Lessor, and that Sublessee shall pay such rents to Master Lessor without any

FILE COPY

obligation or right to inquire as to whether such default exists and notwithstanding any notice from or claim from Sublessor to the contrary and Sublessor shall have no right or claim against Sublessee for any such rents so paid by Sublessee.

 (d) No changes or modifications shall be made to this Sublease without the consent of Master Lessor.

**9. Consent of Master Lessor.**

 (a) In the event that the Master Lease requires that Sublessor obtain the consent of Master Lessor to any subletting by Sublessor then, this Sublease shall not be effective unless, within ten (10) days of the date hereof, Master Lessor signs this Sublease thereby giving its consent to this subletting.

 (b) In the event that the obligations of the Sublessor under the Master Lease have been guaranteed by third parties then this Sublease, nor the Master Lessor's consent, shall not be effective unless, within ten (10) days of the date hereof, said guarantors sign this Sublease thereby giving guarantors consent to this Sublease and the terms thereof.

 (c) In the event that Master Lessor does give such consent then:

  (1) Such consent will not release Sublessor of its obligations or alter the primary liability of Sublessor to pay the rent and perform and comply with all of the obligations of Sublessor to be performed under the Master Lease.

  (2) The acceptance of rent by Master Lessor from Sublessee or anyone else liable under the Master Lease shall not be deemed a waiver by Master Lessor of any provisions of the Master Lease.

  (3) The consent to this Sublease shall not constitute a consent to any subsequent subletting or assignment.

  (4) In the event of any default of Sublessor under the Master Lease, Master Lessor may proceed directly against Sublessor, any guarantors or any one else liable under the Master Lease or this Sublease without first exhausting Master Lessor's remedies against any other person or entity liable thereon to Master Lessor.

  (5) Master Lessor may consent to subsequent sublettings and assignments of the Master Lease or this Sublease or any amendments or modifications thereto without notifying Sublessor nor anyone else liable under the Master Lease and without obtaining their consent and such action shall not relieve such persons from liability.

  (6) In the event that Sublessor shall default in its obligations under the Master Lease, then Master Lessor, at its option and without being obligated to do so, may require Sublessee to attorn to Master Lessor in which event Master Lessor shall undertake the obligations of Sublessor under this Sublease from the time of the exercise of said option to termination of this Sublease but Master Lessor shall not be liable for any prepaid rents nor any security deposit paid by Sublessee, nor shall Master Lessor be liable for any other defaults of the Sublessor under the Sublease.

 (d) The signatures of the Master Lessor and any Guarantors of Sublessor at the end of this document shall constitute their consent to the terms of this Sublease.

 (e) Master Lessor acknowledges that, to the best of Master Lessor knowledge, no default presently exists under the Master Lease of obligations to be performed by Sublessor and that the Master Lease is in full force and effect.

 (f) In the event that Sublessor defaults under its obligations to be performed under the Master Lease by Sublessor, Master Lessor agrees to deliver to Sublessee a copy of any such notice of default. Sublessee shall have the right to cure any default of Sublessor described in any notice of default within ten (10) days after service of such notice of default on Sublessee. If such default is cured by Sublessee then Sublessee shall have the right of reimbursement and offset from and against Sublessor.

**10. Brokers Fee.**

 (a) Upon execution hereof by all parties, Sublessor shall pay to _____ (herein called "Broker") a fee as set forth in a separate agreement between Sublessor and Broker, or in the event there is no separate agreement between Sublessor and Broker, the sum of _____(US$_____) for brokerage services rendered by Broker to Sublessor in this transaction. (In the event no Broker is involved, write "Does not apply" in space above.)

 (b) Sublessor agrees that if Sublessee exercises any option or right of first refusal granted by Sublessor herein, or any option or right substantially similar thereto, either to extend the term of this Sublease, to renew this Sublease, to purchase the Premises, or to lease or purchase adjacent property which Sublessor may own or in which Sublessor has an interest, or if Broker is the procuring cause of any lease, sublease, or sale pertaining to the Premises or any adjacent property which Sublessor may own or in which Sublessor has an interest, then as to any of said transactions Sublessor shall pay to Broker a fee, in cash, in accordance with the schedule of Broker in effect at the time of the execution of this Sublease. Notwithstanding the foregoing, Sublessor's obligation under this Paragraph 10(b) is limited to a transaction in which Sublessor is acting as a Sublessor, lessor or seller.

 (c) Master Lessor agrees, by its consent to this Sublease, that if Sublessee shall exercise any option or right of first refusal granted to Sublessee by Master Lessor in connection with this Sublease, or any option or right substantially similar thereto, either to extend the Master Lease, to renew the Master Lease, to purchase the Premises or any part thereof, or to lease or purchase adjacent property which Master Lessor may own or in which Master Lessor has an interest, or if Broker is the procuring cause of any other lease or sale entered into between Sublessee and Master Lessor pertaining to the Premises, any part thereof, or any adjacent property which Master Lessor owns or in which it has an interest, then as to any of said

FILE COPY

transactions Master Lessor shall pay to Broker a fee, in cash, in accordance with the schedule of Broker in effect at the time of its consent to this Sublease.

(d) Any fee due from Sublessor or Master Lessor hereunder shall be due and payable upon the exercise of any option to extend or renew, as to any extension or renewal; upon the execution of any new lease, as to a new lease transaction or the exercise of a right of first refusal to lease; or at the close of escrow, as to the exercise of any option to purchase or other sale transaction.

(e) Any transferee of Sublessor's interest in this Sublease, or of Master Lessor's interest in the Master Lease, by accepting an assignment thereof, shall be deemed to have assumed the respective obligations of Sublessor or Master Lessor under this Paragraph 10. The Broker (if one exists) shall be deemed to be a third-party beneficiary of this Paragraph 10.

11.    **Attorney's Fees.**  If any party or the Broker named herein brings an action to enforce the terms hereof or to declare rights hereunder, the prevailing party in any such action, on trial and appeal, shall be entitled to his reasonable attorney's fees to be paid by the losing party as fixed by the Court. The provision of this paragraph shall inure to the benefit of the Broker (if one exists) named herein who seeks to enforce a right hereunder.

12.    **Additional Provisions.** (If there are no additional provisions draw a line from this point to the next printed word after the space left here. If there are additional provisions place the same here. If more space is needed, attach additional sheets headed with "Addendum No. 1", etc.). _____ pages attached.

**If this Sublease has been filled in it has been prepared for submission to your attorney for his approval. No representation or recommendation is made by the real estate broker or its agents or employees as to the legal sufficiency, legal effect, or tax consequences of this Sublease or the transaction relating thereto.**

Executed at   DOWNEY
on   JANUARY 7TH , 2015

By   DR. ALEX MUKATHE
Sublessor
Address   8221 3rd. STREET, SUITE 2 204
DOWNEY, CA 90241

Executed at   DOWNEY CALIFORNIA
on   JANUARY 7th , 2015

By   Bernard K. Mayfield
8221 3rd. STREET, SUITE # 204
Sublessee
Address 8221 3rd. STreet Suite # 204
DOWNEY CA 90241

Executed at _____
on _____ , _____ .

By _____
Master Lessor
Address _____
_____

Executed at _____
on _____ , _____ .

By _____
Guarantor
Address _____
_____

ADDEDUM TO SUBLEASE BETWEEN SPECTRUM LINK, INC. AND DR. ALEX MUKATHE

1) Payment is hereby made for:
   January prorated- $769.00
   February - $1,000
   June - $1,000

2) Occupancy is for - Office B and Office C.
   General area to be shared and use Reception Desk only when Alex Staff do not need it.

3) Allowance to use telephone lines and the Internet until new services are installed.

4) Allowed to use parking lot under the building.

5) Addedums to follow.

NOTED AND APPROVED
Dr. Alex Mukathe, D.B.A.

NOTED AND APPROVED
Bernard Mayfield

File Name:\ SUBLEASE - 2015

# EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Steven Werth<br>Greenspoon Marder, LLP<br>1875 Century Park East<br>Ste 1900<br>Los Angeles, CA 90067<br><br>213–626–2311<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br><br>Spectrum Link, Inc.<br><br><br><br>Debtor(s). | CASE NO.: 2:21–bk–16403–VZ<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 2:23–ap–01173–VZ |
|---|---|
| Howard M Ehrenberg, Chapter 7 Trustee<br><br><br>Plaintiff(s)<br>Versus<br>Millennium Marketing Concepts Inc., a California corporation,<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **07/12/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

|  |  |
|---|---|
| **Date:** | **August 24, 2023** |
| **Time:** | **10:30 AM** |
| **Hearing Judge:** | **Vincent P. Zurzolo** |
| **Location:** | **255 E Temple St., Crtrm 1368, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: June 12, 2023

By: _____ "s/" Shemainee Carranza _____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A**
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Howard M Ehrenberg, Chapter 7 Trustee | Millennium Marketing Concepts Inc., a California corporation, United Care Residential, Inc., a California corporation Alex Mukathe, an individual, |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1875 Century Park East, Ste. 1900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled: Complaint To Avoid And Recover Avoidable Transfers, Order Setting Procedures For Adversary Proceeding Status Conferences

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____06/15/23_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

            See attached Service List

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/16/23 | Patricia Dillamar | /s/ Patricia Dillamar |
|---------|-------------------|------------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*

**F 7004–1.SUMMONS.ADV.PROC**

<u>Service List</u>

Alex Mukathe, an individual
8221 3rd St., Suite 204,
Downey, CA 90241

United Care Residential, Inc., a California corporation
(Suspended Corporation 5/29/2019)
Agent for Service of Process: Alex Mukathe,
8221 3rd Street, Suite 204,
Downey, CA 90241

Millennium Marketing Concepts Inc., a California corporation
(Suspended Corporation - Inactive: 4/26/18)
Agent for Service of Process: Alex Mukathe,
8221 3rd St., Ste. 204,
Downey, CA 90241

# EXHIBIT 3

Form B-1036 - (Rev. 02/10)                                                1998 USBC, Central District of California

| Attorney or Party Name, Address, Telephone & FAX Numbers, California Bar Number | For Court Use Only |
|---|---|
| EUGENE KIM - ASSIGNEE OF RECORD<br>453 S  SPRING ST STE 400<br>LOS ANGELES, CA 90013<br>TEL: (213) 800-4989<br><br>Attorney for  PRO SE | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:  SPECTRUM LINK, INC. | CASE NO.:  2:21-bk-16403-VZ |
|---|---|
| Debtor. | ADVERSARY NO.:  2:23-ap-01173-VZ |
| HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE<br><br>Plaintiff(s),<br><br>vs.<br><br>MILLENNIUM MARKETING CONCEPTS INC., a California corporation, UNITED CARE RESIDENTAIL, INC., a California corporation and ALEX MUKATHE, an individual<br>Defendant(s). | **WRIT OF EXECUTION** |

## TO THE UNITED STATES MARSHAL FOR THE CENTRAL DISTRICT OF CALIFORNIA:

YOU ARE DIRECTED to enforce the Judgment described below with interest and costs as provided by law.

On  2/22/2024 _____, a judgment was entered in the above-entitled action in favor of

HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE _____

as **Judgment Creditor**, and against

ALEX MUKATHE _____

as **Judgment Debtor**, for:

$  20,150.00 _____        PRINCIPAL

$  0.00 _____        ATTORNEYS FEES

$  422.71 _____        INTEREST

$  0.00 _____        COSTS

$  20,572.71 _____        **TOTAL JUDGMENT AS ENTERED**

Form B-1036 - (Rev. 02/10)                                                    1998 USBC, Central District of California

Page 2 of 3

| In re   SPECTRUM LINK, INC. | CASE NO.: 2:21-bk-16403-VZ |
| | ADVERSARY PROCEEDING NO.: |
| Debtor(s). | 2:23-ap-01173-VZ |

The following are name(s) and address(es) of the judgment debtor(s) to whom a copy of this writ of execution must be
mailed unless it was served at the time of the levy.  This information must be filled in by counsel requesting this writ.

ALEX MUKATHE
8608 PARROT AVENUE
DOWNEY, CA 90240

Form B-1036 - (Rev. 02/10)                                               1998 USBC, Central District of California

Page 3 of 3

| In re   SPECTRUM LINK, INC. | CASE NO.:  2:21-bk-16403-VZ |
|---|---|
|  | ADVERSARY PROCEEDING NO.: |
| Debtor(s). | 2:23-ap-01173-VZ |

## NOTICE TO THE JUDGMENT DEBTOR:

You may be entitled to file a claim exempting your property from execution.  You may seek the advice of an attorney or may within ten (10) days after the date the notice of levy was served deliver a claim of exemption to the levying officer as provided in Sections 703.510-703.610 of the California Code of Civil Procedure.

According to an affidavit and/or memorandum of costs after judgment, it appears that further sums have accrued since the entry of judgment, to wit:

$ 422.71                          ACCRUED INTEREST

$ 0.00                            ACCRUED COSTS

$ 422.71                          **TOTAL**

Credit must be given for payments and partial satisfaction in the amount of $ 0.00                          which is to be credited against the total accrued costs and accrued interest, with any excess credited against the judgment as entered, leaving a net balance of:

$ 20,572.71                          ACTUALLY DUE on the date of the issuance of this writ, of which

$ 20,572.71                          is due on the judgement as entered, and bears interest at 4.94       % per

annum in the amount of $ 2.73                          per day, from the date of issuance of this writ, to which

must be added the commissions and costs of the officer executing this writ.

DATED: _July 29, 2024_  (SEAL)        **KATHLEEN J. CAMPBELL**

                                      KATHLEEN J. CAMPBELL
                                      Clerk, United States Bankruptcy Court

                                      By: _____
                                                          Deputy Clerk

                                      Bock Tuy

EXHIBIT 4

| ☑ Recording requested by a return to:<br><br>EUGENE KIM - ASSIGNEE OF RECORD<br>453 S SPRING ST STE 400<br>LOS ANGELES, CA 9013 | FOR COURT USE ONLY |
|---|---|

| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
|---|---|
| In re: SPECTRUM LINK, INC.                          Debtor | CASE NUMBER  2:21-bk-16403-VZ<br><br>ADVERSARY NUMBER 2:23-ap-01173-VZ |
| HOWARD M. EHRENBERG, CHAPTER 7          Plaintiff<br>TRUSTEE<br><br>vs.<br><br>MILLENNIUM MARKETING CONCEPTS INC.,a<br>California corporation,UNITED CARE., ET AL.      Defendant | **ABSTRACT OF**<br>**JUDGMENT** |

The Judgment Creditor applies for an abstract of judgment and represents:

1.  The Judgment Debtor's:

    a.    Name and address        ALEX MUKATHE

                        8608 PARROT AVENUE

                        DOWNEY, CA 90240

                            ☐   Address Unknown

    b.    Driver's License No.    _____    ☑ Unknown

    c.    Social Security No.    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    ☐ Unknown

2.  The Summons was personally served at, or mail to (address):

    8608 PARROT AVENUE, DOWNEY, CA 90240

3.    ☐   Information regarding additional judgment debtors is shown on reverse side.

Dated:    07/29/2024    _____

                            _____
                            (Signature of Judgment Creditor or Attorney)

(Continued on Reverse Side)

*Revised February 2010*

Abstract of Judgment - Page Two

| In re                    (SHORT TITLE) | CHAPTER 7 |
| HOWARD vs ALEX                    Debtor(s). | ADVERSARY NO.: 2:23-ap-01173-VZ |

4.  I certify that in the above-entitled action and Court, Judgment was entered on February 22, 2024 ,

in favor of Howard M.Ehrenberg,Chapter7 Trustee      and against ALEX MUKATHE

for    $ 20,150.00 .    Principal,

        $ 422.71    Interest,

        $ 0.00    Attorney's Fees, and

        $ 0.00    Costs.

A lien in favor of a judgment creditor is:

☑  not endorsed on the judgment.

☐  endorsed on the judgment as follows:

    1.  Amount $ _____

    2.  In favor of (name) _____

A stay of execution has:

☑  not been ordered by the Court.

☐  been ordered by the Court effective until (date): _____

Attested this July 30, 2024   **SEAL**   day of _____

**KATHLEEN J. CAMPBELL**

KATHLEEN J. CAMPBELL
Clerk of the Bankruptcy Court

By: _____
                              Deputy Clerk

Information regarding additional judgment debtors:

_____

_____

_____

_____

*Revised February 2010*