Eugene Kim
453 S Spring St Ste 400
Los Angeles, CA 90013
e-mail: eugene@thejudgmentsolutions.com
(213) 800-4989

Assignee of Record, In Pro Per

**FILED**
OCT 03 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRIC OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SPECTRUM LINK, INC.<br><br>  Debtor(s) | Case No.: 2:21-bk-16403-VZ<br><br>Adv. No.: 2:23-ap-01173-VZ<br><br>Chapter 7 |
| HOWARD M. EHRENBERG, Chapter 7<br><br>Trustee,<br><br>  Plaintiff,<br><br>vs.<br><br>MILLENNIUM MARKETING CONCEPTS, INC., UNITED CARE RESIDENTAIL, INC., and ALEX MUKATHE,<br><br>  Defendant(s). | **OPPOSITION TO DEFENDANT'S MOTION FOR ORDER TO SET ASIDE DEFAULT JUDGMENT**<br><br>**DECLARATION OF EUGENE KIM IN SUPPORT THEREOF**<br><br>Date: October 24, 2024<br>Time: 11:00 a.m.<br>Place: Courtroom 1368 |

## I. INTRODUCTION

Assignee of Record and Judgment Creditor Eugene Kim ("Creditor") In Pro Per hereby submits the following Opposition to Defendant Alex Mukathe's Motion for Order to Set Aside the Default Judgment entered against him. Defendant's arguments regarding improper service, lack of personal jurisdiction, and excusable neglect are without merit and fail to meet the legal standards for relief..

---

## II. SUMMARY OF THE ARGUMENT

Defendant Mukathe seeks to set aside the default judgment on the grounds that service was improper, that the judgment is void, and that excusable neglect warrants relief. Specifically, Defendant relies on FRCP 60(b)(1) and FRCP 60(b)(4), alleging improper service and lack of notice.

First, Defendant's Motion is untimely. The judgment was entered on February 22, 2024, and the Motion to Set Aside was not filed until September 20, 2024, a delay of over eight months, which is well beyond the reasonable time requirement under FRCP 60(b)(1).

Second, Defendant has failed to establish a meritorious defense or excusable neglect, as required by Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). Defendant's allegations of intercepted mail are unsupported by evidence and fail to overcome the presumption of proper service.

Third, service was validly executed. The Summons and Complaint were served to Defendant's business address, as permitted under FRBP 7004(b)(1), creating a presumption of valid service that Defendant has not rebutted.

## III. FACTS

On June 9, 2023, Plaintiff filed the Complaint in this adversary proceeding. The Summons and Complaint were served upon Defendant Alex Mukathe on June 15, 2023, by first-class mail to Defendant's business address at 8221 3rd Street, Suite 204, Downey, CA 90241. This address was listed as Defendant's business address for Spectrum Link, Inc.

Defendant failed to respond to the Complaint within the required time, and the Clerk entered a default against Defendant on November 15, 2023. A Default Judgment was subsequently entered on February 22, 2024. Defendant filed his Motion to Set Aside Default Judgment on September 20, 2024.

## IV. ARGUMENT

### A. DEFENDANT'S MOTION IS UNTIMELY

Federal Rule of Civil Procedure 60(b)(1) allows relief for mistake, inadvertence, surprise, or excusable neglect, but it must be sought within a "reasonable time" and no more than

one year after the entry of the judgment. Defendant waited more than eight months to file his Motion, which is an unreasonable delay under the circumstances, particularly given that he had notice through proper service.

### B. DEFENDANT FAILS TO ESTABLISH EXCUSABLE NEGLECT

The Pioneer standard requires courts to evaluate several factors, including the length of the delay, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith.

**1. Length of Delay and Prejudice to Plaintiff:** Defendant's delay of over eight months, with no compelling explanation, is significant. Such a delay in responding to the judgment is prejudicial to Plaintiff, as it delays the enforcement of a valid and properly entered judgment.

**2. Reason for the Delay:** Defendant's reason for the delay is based on a claim that mail was intercepted by third parties. However, service was conducted to Defendant's business address—a place where he regularly conducted business. The Ninth Circuit has consistently held that neglect resulting from a failure to manage one's affairs does not constitute excusable neglect (Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997)).

**3. Good Faith:** Defendant argues that he acted in good faith after becoming aware of the judgment. However, Defendant's failure to act promptly, despite being properly served, undermines his assertion of good faith.

### C. SERVICE WAS PROPER

Defendant alleges that service was improper because the Summons and Complaint were allegedly intercepted. However, Plaintiff served Defendant at his usual business address, in accordance with FRBP 7004(b)(1), which permits service by first-class mail to an individual's dwelling or usual place of business. The proof of service constitutes prima facie evidence of proper service (SEC v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1166 (9th Cir. 2007)). Defendant has provided no "strong and convincing evidence" to rebut the presumption of valid service.

Defendant's contention that he should have been served at his residence rather than his business address is legally incorrect. The applicable rules expressly allow service at a business address,

and there is no requirement for personal service at a residential address when proper service has been achieved at a known business address.

### D. THE JUDGMENT IS NOT VOID UNDER FRCP RULE 60(b)(4)

Defendant further argues that the judgment is void due to lack of personal jurisdiction. Personal jurisdiction is obtained when service is properly executed under applicable procedural rules. Here, service was conducted in full compliance with FRBP 7004(b)(1), and the Court properly obtained jurisdiction over Defendant. Defendant's argument under FRCP 60(b)(4) is without merit.

### V. CONCLUSION

For the reasons set forth above, Asssigne of Record respectfully requests that the Court deny Defendant's Motion to Set Aside Default Judgment. Defendant has not met the burden for establishing excusable neglect or any other basis for relief. The default judgment was properly entered, and the interests of finality and justice require that it remain undisturbed.

Dated: October 3, 2024

_____
EUGENE KIM
Assignee of Record, In Pro Per