Eugene Kim
453 S Spring St Ste 400
Los Angeles, CA 90013
e-mail: eugene@thejudgmentsolutions.com
(213) 800-4989

Assignee of Record, In Pro Per

FILED
OCT 03 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRIC OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SPECTRUM LINK, INC.<br><br>Debtor(s)<br><br>―――――――<br><br>HOWARD M. EHRENBERG, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MILLENNIUM MARKETING CONCEPTS, INC., UNITED CARE RESIDENTAIL, INC., and ALEX MUKATHE,<br><br>Defendant(s). | Case No.: 2:21-bk-16403-VZ<br><br>Adv. No.: 2:23-ap-01173-VZ<br><br>Chapter 7<br><br>**DECLARATION OF EUGENE KIM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR ORDER TO SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT ALEX MUKATHE**<br><br>Date: October 24, 2024<br>Time: 11:00 a.m.<br>Place: Courtroom 1368 |

I, Eugene Kim, hereby declare as follows:

1.      I am the Assignee of Record for Plaintiff, Howard M. Ehrenberg, Chapter 7 Trustee, in this Adversary Proceeding filed in connection with the Chapter 7 Bankruptcy case of Spectrum Link Inc. (the "Debtor"). I make this Declaration in support of Assignee of Record's Opposition to Defendant Alex Mukathe's Motion for an Order to Set Aside the Default Judgment entered

---

DECLARATION OF EUGENE KIM
-1-

against him. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify to these facts.

2.  On June 15, 2023, Plaintiff effectuated service of the Summons and Complaint upon Defendant Mukathe at 8221 3rd Street, Suite 204, Downey, CA 90241, which is Defendant's business address. A true and correct copy of the Proof of Service is attached hereto as **(EXHIBIT 1).**

3.  Defendant claims that the service was improper because mail was allegedly intercepted by Debtor's employees and Mr. Mayfield's family without his authorization. Defendant also contends that Plaintiff should have served him personally at his residential address and misleadingly listed the residential address on the Abstract of Judgment. Plaintiff fulfilled all requirements for service under the Bankruptcy Rules by mailing to Defendant's business address. A true and correct copy of the Abstract of Judgment is attached hereto as **(EXHIBIT 2).**

5.  Defendant claims that the only funds he received were for tax preparation services and for the sublease of office space to the Debtor, and that he did not participate in any fraudulent transfers. A true and correct copy of the sublease agreement between Defendant and the Debtor is attached hereto as **(EXHIBIT 3).**

6.  Defendant asserts that his failure to respond was due to excusable neglect. Defendant claims he was unaware of the proceedings until receiving a Writ of Execution and Abstract of Judgment at his residence on August 2, 2024. A true and correct copy of the Writ of Execution is attached hereto as **(EXHIBIT 4).**

Dated: October 3, 2024

_____
EUGENE KIM
Assignee of Record, In Pro Per

DECLARATION OF EUGENE KIM
-2-

# EXHIBIT 1

Case 2:23-ap-01173-VZ    Doc 31    Filed 06/16/23    Entered 06/16/23 04:20:02    Desc
Main Document    Page 1 of 5

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Steven Werth<br>Greenspoon Marder, LLP<br>1875 Century Park East<br>Ste 1900<br>Los Angeles, CA 90067<br><br>213-626-2311<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES** ||
| In re:<br><br>Spectrum Link, Inc.<br><br><br><br>Debtor(s). | CASE NO.: 2:21-bk-16403-VZ<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 2:23-ap-01173-VZ |
| Howard M Ehrenberg, Chapter 7 Trustee<br><br>Plaintiff(s)<br>Versus<br><br>Millennium Marketing Concepts Inc., a California corporation,<br><br>(See Attachment A for names of additional defendants)<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **07/12/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
    Date:         **August 24, 2023**
    Time:        **10:30 AM**
    Hearing Judge:  **Vincent P. Zurzolo**
    Location:      **255 E Temple St., Crtrm 1368, Los Angeles, CA 90012**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016    Page 1    **F 7004-1.SUMMONS.ADV.PROC**

Case 2:23-ap-01173-VZ    Doc 31    Filed 06/16/23    Entered 06/16/23 04:03:02    Desc
Main Document    Page 2 of 5

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>June 12, 2023</u>

By: <u>"s/" Shemainee Carranza</u>
Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 2                    **F 7004-1.SUMMONS.ADV.PROC**

Case 2:23-ap-01173-VZ    Doc 31    Filed 06/16/23    Entered 06/16/23 14:03:02    Desc
Main Document    Page 3 of 5

# ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Howard M Ehrenberg, Chapter 7 Trustee | Millennium Marketing Concepts Inc., a California corporation, United Care Residential, Inc., a California corporation<br>Alex Mukathe, an individual, |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A**

Case 2:23-ap-01173-VZ    Doc 31    Filed 06/16/23    Entered 06/16/23 04:03:02    Desc
Main Document    Page 4 of 5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1875 Century Park East, Ste. 1900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled: Complaint To Avoid And Recover Avoidable Transfers, Order Setting Procedures For Adversary Proceeding Status Conferences

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) ___06/15/23___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

    See attached Service List

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/16/23 | Patricia Dillamar | /s/ Patricia Dillamar |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*          **F 7004-1.SUMMONS.ADV.PROC**

# EXHIBIT 2

| ☑ Recording requested by a return to:<br><br>EUGENE KIM - ASSIGNEE OF RECORD<br>453 S SPRING ST STE 400<br>LOS ANGELES, CA 9013 | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re: SPECTRUM LINK, INC.<br><br>                                          Debtor | CASE NUMBER  2:21-bk-16403-VZ<br><br>ADVERSARY NUMBER  2:23-ap-01173-VZ |
| HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE                            Plaintiff<br>vs.<br>MILLENNIUM MARKETING CONCEPTS INC., a California corporation, UNITED CARE., ET AL.       Defendant | **ABSTRACT OF JUDGMENT** |

The Judgment Creditor applies for an abstract of judgment and represents:

1. The Judgment Debtor's:

    a. Name and address    ALEX MUKATHE

    8608 PARROT AVENUE

    DOWNEY, CA 90240

    ☐ Address Unknown

    b. Driver's License No. _____  ☑ Unknown

    c. Social Security No.   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  ☐ Unknown

2. The Summons was personally served at, or mail to (address):

    8608 PARROT AVENUE, DOWNEY, CA 90240

3. ☐ Information regarding additional judgment debtors is shown on reverse side.

Dated: 07/29/2024                                        _____
                                                        (Signature of Judgment Creditor or Attorney)

(Continued on Reverse Side)

*Revised February 2010*

Abstract of Judgment - Page Two

| In re (SHORT TITLE) | CHAPTER 7 |
|---|---|
| HOWARD vs ALEX                    Debtor(s). | ADVERSARY NO.: 2:23-ap-01173-VZ |

4. I certify that in the above-entitled action and Court, Judgment was entered on February 22, 2024,

   in favor of  Howard M. Ehrenberg, Chapter 7 Trustee   and against  ALEX MUKATHE

   for    $ 20,150.00                      Principal,

          $ 422.71                         Interest,

          $ 0.00                           Attorney's Fees, and

          $ 0.00                           Costs.

A lien in favor of a judgment creditor is:

☑ not endorsed on the judgment.

☐ endorsed on the judgment as follows:

   1. Amount $ _____

   2. In favor of (name) _____

A stay of execution has:

☑ not been ordered by the Court.

☐ been ordered by the Court effective until (date): _____

Attested this   July 30, 2024   day of   *Kathleen J Campbell*

                                        KATHLEEN J. CAMPBELL
                                        Clerk of the Bankruptcy Court

                                        By: _____
                                                Deputy Clerk

Information regarding additional judgment debtors:

_____
_____
_____
_____

*Revised February 2010*

# EXHIBIT 3

# SUBLEASE

**FILE COPY**

1. **Parties.** This sublease is made by and between __DR. ALEX MUKATHE__ (herein called "Sublessor") and __SPECTRUM LINK, INC.__ (herein called "Sublessee"), and is dated, for reference purposes only, the __1st__ day of __JANUARY__, __2015__.

2. **Premises.** Sublessor hereby subleases to Sublessee and Sublessee hereby subleases from Sublessor for the term, at the rental, and upon all of the conditions set forth herein, that certain real property situated in the City of __DOWNEY__, County of __LOS ANGELES__, State of __CALIFORNIA__ commonly known as _____, and legally described as _____

Said real property, including the land and all improvements thereon, is hereinafter called "the Premises."

3. **Term.** The term of this Sublease shall be for __6 MONTHS__ commencing on the __1st__ day of __JANUARY__, __2015__ and ending on the __30th__ day of __JUNE__ __2015__ unless sooner terminated pursuant to any provision hereof.

   **Delay in Commencement.** Notwithstanding said commencement date, if for any reason Sublessor cannot deliver possession of the Premises to Sublessee on said date, Sublessor shall not be subject to any liability herefor, nor shall such failure affect the validity of this Sublease or the obligations of Sublessee hereunder or extend the term hereof, but in such case Sublessee shall not be obligated to pay rent until possession of the Premises is tendered to Sublessee; provided, however, that if Sublessor shall not have delivered possession of the Premises within sixty (60) days from said commencement date, Sublessee may, at Sublessee's option, by notice in writing to Sublessor within ten (10) days thereafter, cancel this Sublease, in which event the parties shall be discharged from all obligations hereunder. If Sublessee occupies the Premises prior to said commencement date, such occupancy shall be subject to all provisions hereof, such occupancy shall not advance the termination date and Sublessee shall pay rent for such period at the initial monthly rates set forth below.

4. **Rent.** Sublessee shall pay to Sublessor as rent for the Premises equal monthly payments of __ONE THOUSAND__ dollars (US$ __1,000__), in advance, on the __1st__ day of each month of the term hereof. Sublessee shall pay Sublessor upon the execution hereof _____ dollars (US$ _____) as rent for _____. Rent for any period during the term hereof which is for less than one month shall be a pro rata portion of the monthly installment. Rent shall be payable in lawful money of the United States to Sublessor at the address stated herein or to such other persons or at such other places as Sublessor may designate in writing.

5. **Security Deposit.** Sublessee shall deposit with Sublessor upon execution hereof __ONE THOUSAND__ dollars (US$ __1,000__) as security for Sublessee's faithful performance of Sublessee's obligation hereunder. If Sublessee fails to pay rent or other charges due hereunder, or otherwise defaults with respect to any provision of the Sublease, Sublessor may use, apply or retain all or any portion of said deposit for the payment of any rent or other charge in default or for the payment of any other sum to which Sublessor may become obligated by reason of Sublessee's default, or to compensate Sublessor for any loss or damage which Sublessor may suffer thereby. If Sublessor so uses or applies all or any portion of said deposit, Sublessee shall within ten (10) days after written demand therefor deposit cash with Sublessor in an amount sufficient to restore said deposit to the full amount hereinabove stated and Sublessee's failure to do so shall be a material breach of this Sublease. Sublessor shall not be required to keep said deposit separate from its general accounts. If Sublessee performs all of Sublessee's obligations hereunder, said deposit, or so much thereof as has not theretofore been applied by Sublessor, shall be returned, without payment of interest or other increment for its use to Sublessee (or at Sublessor's option, to the last assignee, if any, of Sublessee's interest hereunder) at the expiration of the term hereof, and after Sublessee has vacated the Premises. No trust relationship is created herein between Sublessor and Sublessee with respect to said Security Deposit.

6. **Use.** The Premises shall be used and occupied only for __SALES AND MARKETING SERVICE__
   **Compliance with Law.**
   (a) Sublessor warrants to Sublessee that the Premises, in its existing state, but without regard to the use for which Sublessee will use the Premises, does not violate any applicable building code regulation or ordinance at the time that this

Before you use this form, fill in all blanks, and make whatever changes are appropriate and necessary to your particular transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. Wolcotts makes no representation or warranty, express or implied, with respect to the merchantability or fitness of this form for an intended use or purpose.



7  67775 00943  9
Form 943    rev. 04-05

FILE COPY

Sublease is executed. In the event that it is determined that this warranty has been violated, then it shall be the obligation of the Sublessor, after written notice from Sublessee, to promptly, at Sublessor's sole cost and expense, rectify any such violation. In the event that Sublessee does not give to Sublessor written notice of the violation of this warranty within one year from the commencement of the term of this Sublease, it shall be conclusively deemed that such violation did not exist and the correction of the same shall be the obligation of the Sublessee.

(b) Except as provided in paragraph 6(a), Sublessee shall, at Sublessee's expense, comply promptly with all applicable statutes, ordinances, rules, regulations, orders, restrictions of record, and requirements in effect during the term of any part of the term hereof regulating the use by Sublessee of the Premises. Sublessee shall not use or permit the use of the Premises in any manner that will tend to create waste or a nuisance or, if there shall be more than one tenant of the building containing the Premises, which shall tend to disturb such other tenants.

**Condition of Premises.** Except as provided in paragraph 6(a) Sublessee hereby accepts the Premises in their condition existing as of the date of the execution hereof, subject to all applicable zoning, municipal, county and state laws, ordinances, and regulations governing and regulating the use of the Premises, and accepts this Sublease subject thereto and to all matters disclosed thereby and by any exhibits attached hereto. Sublessee acknowledges that neither Sublessor nor Sublessor's agents have made any representation or warranty as to the suitability of the Premises for the conduct of Sublessee's business.

7. **Master Lease.**
(a) Sublessor is the lessee of the Premises by virtue of a lease, hereinafter referred to as the "Master Lease", a copy of which is attached hereto marked Exhibit 1, dated the _____ day of _____, _____, wherein _____ is the Lessor, hereinafter referred to as the "Master Lessor."

(b) This Sublease is and shall be at all times subject and subordinate to the Master Lease.

(c) The terms, conditions and respective obligations of Sublessor and Sublessee to each other under this Sublease shall be the terms and conditions of the Master Lease except for those provisions of the Master Lease which are directly contradicted by this Sublease in which event the terms of this Sublease document shall control over the Master Lease. Therefore, for the purposes of this Sublease, wherever in the Master Lease the word "Lessor" is used it shall be deemed to mean the Sublessor herein and wherever in the Master Lease the word "Lessee" is used it shall be deemed to mean the Sublessee herein.

(d) During the term of this Sublease and for all periods subsequent for obligations which have arisen prior to the termination of this Sublease, Sublessee does hereby expressly assume and agree to perform and comply with, for the benefit of Sublessor and Master Lessor, each and every obligation of Sublessor under the Master Lease except for the following paragraphs which are excluded therefrom: _____

(e) The obligations that Sublessee has assumed under paragraph 7(d) hereof are hereinafter referred to as the "Sublessee's Assumed Obligations." The obligations that Sublessee has not assumed under paragraph 7(d) hereof are hereinafter referred to as the "Sublessor's Remaining Obligations."

(f) Sublessee shall hold Sublessor free and harmless of and from all liability, judgments, costs, damages, claims or demands, including reasonable attorney's fees, arising out of Sublessee's failure to comply with or perform Sublessee's Assumed Obligations.

(g) Sublessor agrees to maintain the Master Lease during the entire term of this Sublease, subject, however, to any earlier termination of the Master Lease without the fault of the Sublessor, and to comply with or perform Sublessor's Remaining Obligations and to hold Sublessee free and harmless of and from all liability, judgments, costs, damages, claims or demands arising out of Sublessor's failure to comply with or perform Sublessor's Remaining Obligations.

(h) Sublessor represents to Sublessee that the Master Lease is in full force and effect and that no default exists on the part of any party to the Master Lease.

8. **Assignment of Sublease and Default.**
(a) Sublessor hereby assigns and transfers to Master Lessor the Sublessor's interest in this sublease and all rentals and income arising therefrom, subject, however, to terms of paragraph 8(b) hereof.

(b) Master Lessor, by executing this document, agrees that until a default shall occur in the performance of Sublessor's Obligations under the Master Lease, that Sublessor may receive, collect and enjoy the rents accruing under this Sublease. However, if Sublessor shall default in the performance of its obligations to Master Lessor then Master Lessor may, at its option, receive and collect, directly from Sublessee, all rent owing and to be owed under this Sublease. Master Lessor shall not, by reason of this assignment of the Sublease nor by reason of the collection of the rents from the Sublessee, be deemed liable to Sublessee for any failure of the Sublessor to perform and comply with Sublessor's Remaining Obligations.

(c) Sublessor hereby irrevocably authorizes and directs Sublessee, upon receipt of any written notice from the Master Lessor stating that a default exists in the performance of Sublessor's obligations under the Master Lease, to pay to Master Lessor the rents due and to become due under the Sublease. Sublessor agrees that Sublessee shall have the right to rely upon any such statement and request from Master Lessor, and that Sublessee shall pay such rents to Master Lessor without any

FILE COPY

obligation or right to inquire as to whether such default exists and notwithstanding any notice from or claim from Sublessor to the contrary and Sublessor shall have no right or claim against Sublessee for any such rents so paid by Sublessee.

 (d) No changes or modifications shall be made to this Sublease without the consent of Master Lessor.

9. **Consent of Master Lessor.**
 (a) In the event that the Master Lease requires that Sublessor obtain the consent of Master Lessor to any subletting by Sublessor then, this Sublease shall not be effective unless, within ten (10) days of the date hereof, Master Lessor signs this Sublease thereby giving its consent to this subletting.
 (b) In the event that the obligations of the Sublessor under the Master Lease have been guaranteed by third parties then this Sublease, nor the Master Lessor's consent, shall not be effective unless, within ten (10) days of the date hereof, said guarantors sign this Sublease thereby giving guarantors consent to this Sublease and the terms thereof.
 (c) In the event that Master Lessor does give such consent then:
  (1) Such consent will not release Sublessor of its obligations or alter the primary liability of Sublessor to pay the rent and perform and comply with all of the obligations of Sublessor to be performed under the Master Lease.
  (2) The acceptance of rent by Master Lessor from Sublessee or anyone else liable under the Master Lease shall not be deemed a waiver by Master Lessor of any provisions of the Master Lease.
  (3) The consent to this Sublease shall not constitute a consent to any subsequent subletting or assignment.
  (4) In the event of any default of Sublessor under the Master Lease, Master Lessor may proceed directly against Sublessor, any guarantors or any one else liable under the Master Lease or this Sublease without first exhausting Master Lessor's remedies against any other person or entity liable thereon to Master Lessor.
  (5) Master Lessor may consent to subsequent sublettings and assignments of the Master Lease or this Sublease or any amendments or modifications thereto without notifying Sublessor nor anyone else liable under the Master Lease and without obtaining their consent and such action shall not relieve such persons from liability.
  (6) In the event that Sublessor shall default in its obligations under the Master Lease, then Master Lessor, at its option and without being obligated to do so, may require Sublessee to attorn to Master Lessor in which event Master Lessor shall undertake the obligations of Sublessor under this Sublease from the time of the exercise of said option to termination of this Sublease but Master Lessor shall not be liable for any prepaid rents nor any security deposit paid by Sublessee, nor shall Master Lessor be liable for any other defaults of the Sublessor under the Sublease.
 (d) The signatures of the Master Lessor and any Guarantors of Sublessor at the end of this document shall constitute their consent to the terms of this Sublease.
 (e) Master Lessor acknowledges that, to the best of Master Lessor knowledge, no default presently exists under the Master Lease of obligations to be performed by Sublessor and that the Master Lease is in full force and effect.
 (f) In the event that Sublessor defaults under its obligations to be performed under the Master Lease by Sublessor, Master Lessor agrees to deliver to Sublessee a copy of any such notice of default. Sublessee shall have the right to cure any default of Sublessor described in any notice of default within ten (10) days after service of such notice of default on Sublessee. If such default is cured by Sublessee then Sublessee shall have the right of reimbursement and offset from and against Sublessor.

10. **Brokers Fee.**
 (a) Upon execution hereof by all parties, Sublessor shall pay to _____ (herein called "Broker") a fee as set forth in a separate agreement between Sublessor and Broker, or in the event there is no separate agreement between Sublessor and Broker, the sum of _____ (US$ _____) for brokerage services rendered by Broker to Sublessor in this transaction. (In the event no Broker is involved, write "Does not apply" in space above.)
 (b) Sublessor agrees that if Sublessee exercises any option or right of first refusal granted by Sublessor herein, or any option or right substantially similar thereto, either to extend the term of this Sublease, to renew this Sublease, to purchase the Premises, or to lease or purchase adjacent property which Sublessor may own or in which Sublessor has an interest, or if Broker is the procuring cause of any lease, sublease, or sale pertaining to the Premises or any adjacent property which Sublessor may own or in which Sublessor has an interest, then as to any of said transactions Sublessor shall pay to Broker a fee, in cash, in accordance with the schedule of Broker in effect at the time of the execution of this Sublease. Notwithstanding the foregoing, Sublessor's obligation under this Paragraph 10(b) is limited to a transaction in which Sublessor is acting as a Sublessor, lessor or seller.
 (c) Master Lessor agrees, by its consent to this Sublease, that if Sublessee shall exercise any option or right of first refusal granted to Sublessee by Master Lessor in connection with this Sublease, or any option or right substantially similar thereto, either to extend the Master Lease, to renew the Master Lease, to purchase the Premises or any part thereof, or to lease or purchase adjacent property which Master Lessor may own or in which Master Lessor has an interest, or if Broker is the procuring cause of any other lease or sale entered into between Sublessee and Master Lessor pertaining to the Premises, any part thereof, or any adjacent property which Master Lessor owns or in which it has an interest, then as to any of said

FILE COPY

transactions Master Lessor shall pay to Broker a fee, in cash, in accordance with the schedule of Broker in effect at the time of its consent to this Sublease.

(d) Any fee due from Sublessor or Master Lessor hereunder shall be due and payable upon the exercise of any option to extend or renew, as to any extension or renewal; upon the execution of any new lease, as to a new lease transaction or the exercise of a right of first refusal to lease; or at the close of escrow, as to the exercise of any option to purchase or other sale transaction.

(e) Any transferee of Sublessor's interest in this Sublease, or of Master Lessor's interest in the Master Lease, by accepting an assignment thereof, shall be deemed to have assumed the respective obligations of Sublessor or Master Lessor under this Paragraph 10. The Broker (if one exists) shall be deemed to be a third-party beneficiary of this Paragraph 10.

11. **Attorney's Fees.** If any party or the Broker named herein brings an action to enforce the terms hereof or to declare rights hereunder, the prevailing party in any such action, on trial and appeal, shall be entitled to his reasonable attorney's fees to be paid by the losing party as fixed by the Court. The provision of this paragraph shall inure to the benefit of the Broker (if one exists) named herein who seeks to enforce a right hereunder.

12. **Additional Provisions.** (If there are no additional provisions draw a line from this point to the next printed word after the space left here. If there are additional provisions place the same here. If more space is needed, attach additional sheets headed with "Addendum No. 1", etc.). _____ pages attached.

If this Sublease has been filled in it has been prepared for submission to your attorney for his approval. No representation or recommendation is made by the real estate broker or its agents or employees as to the legal sufficiency, legal effect, or tax consequences of this Sublease or the transaction relating thereto.

Executed at DOWNEY
on JANUARY 7TH, 2015

By DR. ALEX MUKATHE
Sublessor
Address 8221 3rd STREET SUITE 204
DOWNEY, CA 90241

Executed at DOWNEY CALIFORNIA
on JANUARY 7TH, 2015

By [signature]
8221 3rd STREET, SUITE #204
Sublessee
Address 8221 3rd Street, SUITE #204
DOWNEY, CA 90241

Executed at _____
on _____

By _____
Master Lessor
Address _____

Executed at _____
on _____

By _____
Guarantor
Address _____

Page 4 of 4

ADDEDUM TO SUBLEASE BETWEEN SPECTRUM LINK, INC. AND DR. ALEX MUKATHE

1) Payment is hereby made for:
   January prorated- $769.00
   February - $1,000
   June - $1,000

2) Occupancy is for - Office B and Office C.
   General area to be shared and use Reception Desk only when Alex Staff do not need it.

3) Allowance to use telephone lines and the Internet until new services are installed.

4) Allowed to use parking lot under the building.

5) Addedums to follow.

_____
NOTED AND APPROVED
Dr. Alex Mukathe, D.B.A.

_____
NOTED AND APPROVED
Bernard Mayfield

File Name:\ SUBLEASE - 2015

# EXHIBIT 4

| Form B-1036 - (Rev. 02/10) | 1998 USBC, Central District of California |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, California Bar Number<br><br>EUGENE KIM - ASSIGNEE OF RECORD<br>453 S SPRING ST STE 400<br>LOS ANGELES, CA 90013<br>TEL: (213) 800-4989<br><br>Attorney for PRO SE | For Court Use Only |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: SPECTRUM LINK, INC.<br><br>Debtor. | CASE NO.: 2:21-bk-16403-VZ<br><br>ADVERSARY NO.: 2:23-ap-01173-VZ |
|---|---|
| HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE<br><br>Plaintiff(s),<br><br>vs.<br><br>MILLENNIUM MARKETING CONCEPTS INC., a California corporation, UNITED CARE RESIDENTAIL, INC., a California corporation and ALEX MUKATHE, an individual<br>Defendant(s). | **WRIT OF EXECUTION** |

## TO THE UNITED STATES MARSHAL FOR THE CENTRAL DISTRICT OF CALIFORNIA:

YOU ARE DIRECTED to enforce the Judgment described below with interest and costs as provided by law.

On 2/22/2024 _____, a judgment was entered in the above-entitled action in favor of

HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE _____

as **Judgment Creditor**, and against

ALEX MUKATHE _____

as **Judgment Debtor**, for:

$ 20,150.00 _____ PRINCIPAL

$ 0.00 _____ ATTORNEYS FEES

$ 422.71 _____ INTEREST

$ 0.00 _____ COSTS

$ 20,572.71 _____ **TOTAL JUDGMENT AS ENTERED**

Form B-1036 - (Rev. 02/10)                                                                              1998 USBC, Central District of California

Page 2 of 3

| In re  SPECTRUM LINK, INC. | CASE NO.: 2:21-bk-16403-VZ |
|---|---|
|  | ADVERSARY PROCEEDING NO.: |
| Debtor(s). | 2:23-ap-01173-VZ |

The following are name(s) and address(es) of the judgment debtor(s) to whom a copy of this writ of execution must be mailed unless it was served at the time of the levy.  This information must be filled in by counsel requesting this writ.

ALEX MUKATHE
8608 PARROT AVENUE
DOWNEY, CA 90240

| Form B-1036 - (Rev. 02/10) | | 1998 USBC, Central District of California |
|---|---|---|
| | Page 3 of 3 | |
| In re SPECTRUM LINK, INC.<br><br>Debtor(s). | CASE NO.: 2:21-bk-16403-VZ<br>ADVERSARY PROCEEDING NO.:<br>2:23-ap-01173-VZ | |

## NOTICE TO THE JUDGMENT DEBTOR:

You may be entitled to file a claim exempting your property from execution. You may seek the advice of an attorney or may within ten (10) days after the date the notice of levy was served deliver a claim of exemption to the levying officer as provided in Sections 703.510-703.610 of the California Code of Civil Procedure.

According to an affidavit and/or memorandum of costs after judgment, it appears that further sums have accrued since the entry of judgment, to wit:

$ 422.71    ACCRUED INTEREST

$ 0.00      ACCRUED COSTS

$ 422.71    TOTAL

Credit must be given for payments and partial satisfaction in the amount of $ 0.00 which is to be credited against the total accrued costs and accrued interest, with any excess credited against the judgment as entered, leaving a net balance of:

$ 20,572.71 ACTUALLY DUE on the date of the issuance of this writ, of which

$ 20,572.71 is due on the judgement as entered, and bears interest at 4.94 % per annum in the amount of $ 2.73 per day, from the date of issuance of this writ, to which must be added the commissions and costs of the officer executing this writ.

DATED: July 29, 2021

*Kathleen J Campbell*

**KATHLEEN J. CAMPBELL**
Clerk, United States Bankruptcy Court

By: _____
     Deputy Clerk