Christian U. Anyiam, Esq., SBN 217326
**ANYIAM LAW FIRM**
357 W. 2nd Street, Suite 16
San Bernardino, CA 92401
Tel: 909-383-9500
Fax: 909-245-0045
Email: anyiamlawfirm@gmail.com

Attorney for Defendant ALEX MUKATHE

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SPECTRUM LINK, INC.,<br><br>Debtor(s).<br>_____<br><br>HOWARD M. EHRENBERG, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MILLENNIUM MARKETING CONCEPTS, INC., UNITED CARE RESIDENTIAL, INC., and ALEX MUKATHE,<br><br>Defendant(s). | Case No.: 2:21-bk-16403-VZ<br><br>Adv. No.: 2:23-ap-01173-VZ<br><br>Chapter 7<br><br>**DEFENDANT ALEX MUKATHE's REPLY TO CREDITOR'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT ALEX MUKATHE;**<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF;**<br><br>**DECLARATION OF ALEX MUKATHE IN SUPPORT THEREOF**<br><br>Date:   10/24/2024<br>Time:   11:00 a.m.<br>Place:  Courtroom 1368 |

**TO: THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; ALL CREDITORS AND THEIR ATTORNEY OF RECORD; THE STANDING TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

The Non-Creditor/Defendant, ALEX MUKATHE (hereinafter "Defendant"), by and through counsel and does hereby replies to Creditor, EUGENE KIM's, as Assignee of Record (hereinafter "Creditor") Opposition to Defendant's Motion to Set Aside the Default Judgment Against Defendant Alex Mukathe.

This reply will be made on the grounds set forth herein, the corresponding Motion to Set Aside the Default Judgment, and specifically that: a) Defendant's Motion is timely; b) Defendant has established Excusable Neglect; c) that Service was Improper; and d) that the Judgment is Void under FRCP 60(b)(4).

This reply will be made based on this Reply, the attached Memorandum of Points and Authorities, the Declaration of CHRISTIAN ANYIAM, Esq, and all pleadings and papers on file in this case, and on the records and filed herein, and on any such oral and documentary evidence which may be presented at the hearing of the motion.

                                                Respectfully Submitted,
                                                ANYIAM LAW FIRM

Dated: October 20, 2024                    By:     __/s/ CHRISTIAN U. ANYIAM_____
                                                             CHRISTIAN U. ANYIAM, ESQ.
                                                             Attorney for Defendant
                                                             ALEX MUKATHE

Christian U. Anyiam, Esq., SBN 217326
**ANYIAM LAW FIRM**
357 W. 2nd Street, Suite 16
San Bernardino, CA 92401
Tel: 909-383-9500
Fax: 909-245-0045
Email: anyiamlawfirm@gmail.com

Attorney for Defendant, ALEX MUKATHE

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SPECTRUM LINK, INC.,<br><br>Debtor(s).<br>_____<br><br>HOWARD M. EHRENBERG, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MILLENNIUM MARKETING CONCEPTS, INC., UNITED CARE RESIDENTIAL, INC., and ALEX MUKATHE,<br><br>Defendant(s). | Case No.: 2:21-bk-16403-VZ<br><br>Adv. No.: 2:23-ap-01173-VZ<br><br>Chapter 7<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S REPLY TO CREDITOR'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT AGAINST DEFENDANT, ALEX MUKATHE**<br><br>Date: 10/24/2024<br>Time: 11:00 a.m.<br>Place: Courtroom 1368 |

**I.**

**INTRODUCTION**

Non-Creditor/Defendant, ALEX MUKATHE (hereinafter "MUKATHE" and/or "Defendant"), by and through counsel, hereby submits the following in Reply to the Assignee of Record and Judgment Creditor, EUGENE KIM's ("Creditor") Opposition ("Opposition") to Defendant Alex Mukathe's Motion for Order to Set Aside the Default Judgment entered against him ("Defendant's Motion").

Creditor's arguments regarding Defendant's Motion as untimely, Defendant's failure to establish Excusable Neglect, that Service of the Summons and Complaint was Proper, and that the Judgment is Not Void are baseless and not supported by the authorities cited by Creditor.

## II.

## ARGUMENTS

## DEFENDANT HAS ESTABLISHED EXCUSABLE NEGLECT.

Here, Defendant MUKATHE has satisfied the *Pioneer* standard for Excusable Neglect.

**A) Length and Reason of Delay.**

Defendant admittedly failed to respond to the Complaint because Defendant MUKATHE was never apprised of his involvement until he received a Writ of Execution and Abstract of Judgment on or about August 2, 2024, receive by mail at Debtor's principal residence commonly known as 8608 Parrot Ave., Downey, CA 90240 ("Debtor's residence"). As Defendant explained in the underlying Motion to Set Aside Default Judgment that Defendant MUKATHE's mail was intercepted by third parties not associated with Defendant MUKATHE and without his authorization. It is reasonable to believe the above excuse because Defendant MUKATHE allowed Mr. Mayfield's relatives and business associates to take mail related to Mr. Mayfield. It is also reasonable to believe that those third parties may, and did, take mail corresponding to Defendant MUKATHE without his authorization. This, as Creditor states, is a mismanagement of Defendant's own affairs which was caused by Defendant MUKATHE's negligence.

Creditor argues that neglect resulting from a failure to manage one's affairs does not constitute excusable neglect and offers *Briones v. Riviera Hotel & Casino* as his authority in support of his argument. [*Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)]

However, the *Briones* Court, in analyzing the Test for "excusable neglect," re-examined *Swimmer v. Internal Revenue Service*, which held that "[i]gnorance of **court rules** does not constitute excusable neglect, even if the litigant appears pro se" (emphasis added). It was not the "failure to manage one's affairs" which failed to constitute neglect as misrepresented by Creditor's argument. In fact, *Briones* provided a further analysis of the *Pioneer* Factors.

///

///

In <u>Pioneer</u>, the Supreme Court held that the determination of whether a party's neglect is excusable "is at bottom an equitable one, **taking account of all relevant circumstances surrounding the party's omission**" (emphasis added).  See <u>Briones</u>, citing <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. at 395, 113 S. Ct. at 1498.

As further explained in <u>Briones</u>, "[T]he third factor the Court specifically set forth in <u>Pioneer</u> ("the reason for the delay, including whether it was within the reasonable control of the movant") functions differently in the Rule 60(b) context.  Under Rule 60(b), as the Supreme Court explained, a party's failure to file on time is not "neglect" if the cause is beyond its control; **the rule only concerns negligence, carelessness, etc**. <u>Pioneer</u>, 507 U.S. at 393-95, 113 S.Ct. at 1497-98 (emphasis added).  See <u>Briones</u>, *supra,* footnote 1.

Here, Defendant MUKATHE's lack of notice of the underlying Summons and Complaint was due to the interception of his mail by third parties (Mr. Mayfield's employees, relatives and associates who had access to the office because Mr. Mayfield subleased office space with him), he could not have anticipated that this would happen and certainly could not have prevented it because the location where the mail is delivered was not entirely under MUKATHE's control.  Even if conceding that the mismanagement of his office was clearly negligence and carelessness on the part of Defendant MUKATHE since he could have easily changed the locks on the business door entry or informed the U.S. Postal Service delivery person to drop off the mail on MUKATHE's own desk or in a locked mailbox, again he could not do these things because Mr. Mayfield had a possessory interest in the portion of the office leased/rented from Mukathe.

**B)  Good Faith and Prejudice to Plaintiff.**

Defendant MUKATHE acted in good faith and as promptly as he could considering he first knew of the Default Judgment on or about August 2, 2024, when he received a Writ of Execution and Abstract of Judgment by mail at Defendant's residence.  This was the first time MUKATHE had learned he was a Defendant in this Adversary Proceeding.  Defendant's Motion was filed within 45 days of learning of this matter and clearly within "a reasonable time" and significantly sooner than one year after the entry of the judgment.

Moreover, setting aside the default judgment poses no prejudice to Plaintiff.  Plaintiff stated in the Motion for Default Judgment that, "[T]rustee is not seeking to obtain a default over the objection of the Defendants, and the Trustee will stipulate with the Defendants to set aside the default if the Defendants choose

to participate in this litigation." See Motion for Default Judgment, pg.15:7-10. However, Plaintiff's Opposition fails to address this admission.

Finally, albeit not one of the *Pioneer* Factors, Defendant MUKATHE set forth various meritorious defenses if allowed his day in court as explained in detail in Defendant's Motion. However, Plaintiff's Opposition fails to address any of the issues of Defendant's defenses.

As a result of Defendant MUKATHE's negligence in managing his business affairs, Defendant has satisfied the excusable neglect factor under *Pioneer*.

## PLAINTIFF'S SERVICE OF PROCESS WAS NOT PROPER.

On June 9, 2023, Plaintiff, HOWARD M. EHRENBERG, Chapter 7 Trustee ("Plaintiff"), filed the underlying Complaint. Although the Proof of Service on the Summons lists that Defendant MUKATHE was allegedly served via first class U.S. Mail at: Alex Mukathe, an individual: 8221 3rd St., Suite 204, Downey, CA 90241, Plaintiff filed an Abstract of Judgment against Defendant MUKATHE on July 30, 2024, stating that, "The Summons was **personally served** at, or mail[ed] to: 8608 Parrot Avenue, Downey, CA 90240." (emphasis added). See Defendant's Motion, pgs. 5 – 6.

The aforementioned is not the only time Creditor has set forth conflicting or erroneous information in this matter. According to Plaintiff's Motion for Default Judgment, "[T]he time for filing an answer or other response expired on August 11, 2022." However, pursuant to Plaintiff's Request for Clerk to Enter Default, Plaintiff stated that "[T]he time for filing an Answer or other response expired on July 12, 2023." See Defendant's Motion, pg. 6.

Even if service was conducted pursuant to FRBP 7004(b)(1), this Honorable Court should set aside the default judgment considering the aforementioned statements made by Plaintiff in his moving papers directly contradict each other as to *where* Defendant MUKATHE was served. Either Creditor lacked candor on Plaintiff's filed court documents, or service of process is now questionable, at least.

Finally, as explained in Defendant's Motion, Plaintiff knew or should have known where MUKATHE's principal residence was situated to personally serve MUKATHE with the Summons and Complaint but failed to do so.

///

///

## **DEFENDANT'S MOTION IS TIMELY.**

Here, as explained above and in Defendant's Motion, Defendant MUKATHE retained an attorney as quickly as possible upon learning of the Writ of Execution and Abstract of Judgment received by mail at Debtor's residence. Although Debtor's Motion was filed approximately eight months after the entry of the default judgment, it was filed far sooner than the statutory one-year period and clearly within a "reasonable time" from first learning of the judgment.

### III.

### **CONCLUSION**

Based on the foregoing, Defendant MUKATHE respectfully requests that this Court enter an order reopening the Adversary Proceeding so that MUKATHE may proceed with a Motion to Set Aside Default Judgment.

Respectfully Submitted,
ANYIAM LAW FIRM

Dated: October 20, 2024         By:      /s/ CHRISTIAN U. ANYIAM
                                      CHRISTIAN U. ANYIAM, ESQ.
                                      Attorney for Defendant
                                      ALEX MUKATHE

Christian U. Anyiam, Esq., SBN 217326
**ANYIAM LAW FIRM**
357 W. 2nd Street, Suite 16
San Bernardino, CA 92401
Tel: 909-383-9500
Fax: 909-245-0045
Email: anyiamlawfirm@gmail.com

Attorney for Defendant, ALEX MUKATHE

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SPECTRUM LINK, INC.,<br><br>Debtor(s).<br>_____<br>HOWARD M. EHRENBERG, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MILLENNIUM MARKETING CONCEPTS, INC., UNITED CARE RESIDENTIAL, INC., and ALEX MUKATHE,<br><br>Defendant(s). | Case No.: 2:21-bk-16403-VZ<br><br>Adv. No.: 2:23-ap-01173-VZ<br><br>Chapter 7<br><br>**DECLARATION OF ALEX MUKATHE IN SUPPORT OF DEFENDANT'S REPLY TO CREDITOR'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER TO SET ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANT ALEX MUKATHE**<br><br>Date:    10/24/2024<br>Time:   11:00 a.m.<br>Place:   Courtroom 1368 |

I, ALEX MUKATHE, hereby declare as follows:

1. That I am the Defendant in this Adversary Proceeding filed with this Honorable Court.

2. This Declaration is in support of my Reply to the Opposition to my Motion for an Order to Set Aside the Default Judgment against me in this Adversary Proceeding, filed by EUGENE KIM, as Assignee of Record for Plaintiff, Howard M. Ehrenberg, Chapter 7 Trustee (the "Creditor").

3. That I failed to respond to the Complaint because I was never apprised of my involvement until I

received a Writ of Execution and Abstract of Judgment on or about August 2, 2024, received by mail at my principal residence commonly known as 8608 Parrot Ave., Downey, CA 90240 ("my residence").

4. That my mail was intercepted by third parties not associated with me and without my authorization.

5. I reasonably believe that because I allowed Mr. Mayfield's relatives and business associates to take mail related to Mr. Mayfield without proper supervision, leading to those third parties taking my mail without my authorization, this was careless of me.

6. While the lack of notice of the underlying Summons and Complaint was due to the interception of my mail by third parties, the location where the mail is delivered was under my control and I apparently mismanaged my business affairs when I allowed third parties associated with or to Mr. Mayfield to just come in and rummage through my office mail while failing to supervise these third parties' activities in my office. However, I could not have prevented their entry since Mr. Mayfield had a possessory interest to the portion of my office rented.

7. Looking back, I reasonably believe I could have easily changed the locks on the business door entry or informed the U.S. Postal Service delivery person to drop off the mail on my own desk or in a locked mailbox, but I didn't. Again, doing so would have prevented Mr. Mayfield from entry and his mails would have also been intercepted had I had the post office to deliver my mails to a different address.

8. I reasonably believe I've acted in good faith and as promptly as I could considering I first knew of the Default Judgment on or about August 2, 2024, when I received a Writ of Execution and Abstract of Judgment by mail at my residence.

9. I reasonably believe that I acted within a reasonable time upon learning of this matter by retaining counsel immediately, who then filed the underlying Motion to Set Aside the Default Judgment within approximately 45 days thereafter.

10. I hereby pray this Honorable Court considers the totality of the above circumstances and grant my Motion to set aside the Default Judgment.

11. If this Motion to Reopen is not granted, I shall suffer immediate and irreparable harm.

I declare under penalty of perjury under the laws of California that the above is true and correct and that this declaration was completed this 20th day of October 2024 in Downey, California.

       /s/:Alex Mukathe_____

ALEX MUKATHE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

357 W. 2nd Street, Suite 16
San Bernardino, CA 92401

A true and correct copy of the foregoing document described **DEFENDANT'S REPLY TO CREDITOR'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF ALEX MUKATHE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On __10/20/2024__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Howard M Ehrenberg (TR)** ehrenbergtrustee@gmlaw.com, ca25@ecfcbis.com; C123@ecfcbis.com; howard.ehrenberg@ecf.courtdrive.com; Karen.Files@gmlaw.com

**Mark S Horoupian** mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com; cheryl.caldwell@gmlaw.com; karen.files@gmlaw.com

**United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

**Steven Werth** steven.werth@gmlaw.com, swerth@ecf.courtdrive.com; pdillamar@ecf.courtdrive.com, Karen.Files@gmlaw.com; patricia.dillamar@gmlaw.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On __10/20/2024__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

Alex Mukathe, an individual
8221 3$_{rd}$ St., Suite 204
Downey, CA 90241

Eugene Kim
Assignee of Record
453 S. Spring St., Ste 400
Los Angeles, CA 90013

Spectrum Link, Inc.
11724 216th St.
Lakewood, CA 90715

United Care Residential, Inc., a California corporation
(Suspended Corporation 5/29/2019)
Agent for Service of Process: Alex Mukathe
8221 3rd Street, Suite 204
Downey, CA 90241

Millennium Marketing Concepts Inc., a California corporation
(Suspended Corporation – Inactive: 4/26/18)
Agent for Service of Process: Alex Mukathe
8221 3rd St., Ste.204
Downey, CA 90241

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/20/2024 | CHRISTIAN U. ANYIAM | /s/ CHRISTIAN U. ANYIAM |
|---|---|---|
| *Date* | *Type Name* | *Signature* |